## OLSON v. MARTIN.

1. **Evidence :** REPLEVIN: WRITTEN INSTRUMENT. In an action of replevin for property held under a chattel mortgage by the agent of the assignee of the mortgage, the writing witnessing the contract of assignment is competent evidence.

2. **Practice :** FINDINGS OF FACT: FORM. Where the plaintiff's attorney submitted, in the form of questions, the points on which he asked special findings, and these questions were answered by the court, plaintiff cannot complain that the findings were not in the form required by law.

3. ———: CONCLUSIONS OF LAW. No objection can be made in such a case that the findings present no conclusions of law, when the questions involved no points of law.

4. ———: ASSIGNMENT OF ERRORS. This court will not consider an objection not presented in the asssgnment of errors.

*Appeal from Montgomery District Court.*

MONDAY, JUNE 8.

ACTION of replevin. There was a trial to the court without a jury and judgment for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*Z. T. Fisher,* for appellant.

*Mayne & McPherson,* for appellee.

BECK, J.—I. The plaintiff claims the ownership of the property, and the defendant the right to the possession under two chattel mortgages, executed by plaintiff to secure certain promissory notes which were transferred to one Morse, and that defendant, as the agent of Morse, had taken the property for the purpose of selling the same in satisfaction of the debts secured by the mortgage. Morse, defendant claims, had purchased the notes and mortgages of Fisher & Co. At the trial defendant was permitted to introduce in evidence against plaintiff's objections a writing signed by Fisher & Co. and Morse, witnessing the contract and specifying the terms under which the mortgages were to be transferred. This ruling constitutes the first

Olson v. Martin.

ground of objection set out in the assignment of errors. We think the evidence was properly admitted. Defendant's right to the possession of the property was based upon Morse's interest in the note and mortgage, and the writing in question tended to establish that interest. It is urged that the agreement, or instrument in question, provides only for the transfer to Morse of the mortgages, and makes no stipulation affecting the transfer of the notes; that the notes carry with them the mortgages, and the instrument, not showing the transfer of the notes, was not admissible in evidence. But certainly a contract for the transfer of a mortgage would be evidence of an intention to transfer the debt it was given to secure, and would establish such intention in the absence of conflicting proof. The writing in question was, we think, properly admitted in evidence.

II. The attorney for plaintiff at the trial requested the court to reduce its findings of facts and conclusions of law to writing, **2. PRACTICE: findings of fact: form.** and the court thereupon required this attorney " to state in writing the exact points on which he wished special findings." This requirement of the court was complied with by the attorney submitting, in the form of questions to be answered by the court, the points upon which special findings were demanded. These questions were answered by the court. It is now insisted that the court failed to render its findings as required by law. As to the form in which these findings appear plaintiff cannot complain, for it had its origin with his attorney. In substance, they are sufficient, for they present the facts upon the points submitted by plaintiff's attorney with sufficient clearness.

III. Plaintiff further objects to the findings, on the ground that they involve only those of fact and present no conclu- **3. ——:——: conclusions of law.** sions of law. But the written points upon which the court was required to find involved none of law. The court having found upon all points to which it was directed, plaintiff cannot now complain. Besides the only question of law, at least the controlling one, which is involved in the case, is the right of defendant to the possession of the property under the mortgages. This is sufficiently

answered by the judgment rendered in the case. One or more of the questions involved points of law and were properly answered.

IV. It is now insisted that the court compelled the plaintiff to propound the interrogatories, the answers to which presented the special findings. But the record does not support this position. The court required, as we have just said, the points upon which findings were demanded to be presented. The interrogatories were filed as a compliance with this requirement. No objection was made to the demand of the court, and in fact no exception at any time, was taken, in the court below, to the form of these proceedings. These matters cannot now be grounds of objection to the judgment in this court.

4. ——: assignment of errors.

V. We are of the opinion that the special findings are supported by the evidence—certainly they are not so in conflict therewith as to demand the interference of this court, and that the facts found authorize the judgment.

VI. An objection is raised in the brief of plaintiff's counsel to the form of the judgment but as our attention is not called thereto in the assignment of errors, we cannot properly consider it.

The foregoing discussion covers all points made in the assignment of errors. As we discover no reason for interfering with the judgment of the court below, it is

AFFIRMED.