Rice v. The City of Des Moines.

## RICE v. THE CITY OF DES MOINES.

1. **Instructions**: PRACTICE. All the instructions should be considered together, and a judgment will not be reversed because some one of them fails to state the law applicable to the facts with sufficient qualification, provided the defects be cured in other instructions.

2. **Municipal Corporation**: STREETS: NEGLIGENCE. A city is presumed to have exercised due diligence in acquiring knowledge respecting the condition of its sidewalks, or to have been negligent in failing to do so.

3. ——: ——: PERSONAL INJURY. The knowledge that a sidewalk was defective will not defeat recovery against the city by one injured thereon.

4. **Damages**: CITY: PERSONAL INJURY. It is not error to instruct a jury, in an action against a city for personal injuries, to assess such damages as the evidence shows the plaintiff to be entitled to "under the circumstances," when the instruction enumerates the circumstances proper to be considered.

5. ——: ——: ——. The jury may properly be instructed, in the assessment of damages, to consider plaintiff's expectancy in life.

6. ——: PERSONAL INJURY: EMPLOYMENT OF PHYSICIAN. In the selection and employment of a physician one is bound to the exercise of reasonable judgment and care, and his damages should not be diminished if in so doing he did not employ the most skillful. Following *Collins v. The City of Council Bluffs*, 32 Iowa, 324. COLE, J., *dissenting.*

7. ——: ——: PREVIOUS EARNINGS. To show his capacity before the injury, plaintiff was properly permitted to show the amount of his real earnings by his personal exertions.

8. **Evidence**: CROSS-EXAMINATION. Where a medical witness has given his opinion that an injury is permanent, it is not competent cross-examination to inquire whether or not the condition of the injury is the result of improper treatment.

9. **Municipal Corporation**: LIMIT OF INDEBTEDNESS. It is no defense, in an action against a city for damages resulting from a defective sidewalk, that it is indebted beyond the constitutional limit. Following *Bartle v. The City of Des Moines*, 38 Iowa, 414.

*Appeal from Polk Circuit Court.*

WEDNESDAY, JUNE 16.

THE plaintiff, after dark, on the evening of August 21st, 1872, whilst passing along Sixth street in the City of Des

Moines, on his way home, stepped down a perpendicular declivity of eighteen inches in the street, and severely injured his left ankle. On account of this injury he claims of the defendant $15,000 damages. There was a jury trial, and a verdict and judgment for plaintiff for $7,500. Defendant appeals.

*C. P. Holmes* and *Phillips & Phillips*, for appellant.

*Finch & Sickmon* and *Nourse & Kauffman*, for appellee.

DAY, J.—The court gave the following instructions:

" 1. It is the duty of the City of Des Moines to keep such streets and sidewalks as are constructed in the same for the convenience of passers and foot travelers open and in repair and free from nuisances. And if the evidence satisfies the jury that the sidewalk, as alleged in the petition of plaintiff, was out of repair or improperly constructed, and in such condition as to render passers over the same liable to fall or otherwise get injured, and that in consequence thereof the plaintiff in passing over the same without negligence or imprudence on his part which contributed to the injury complained of, the jury will find for the plaintiff.

" 2. If the jury find from the evidence that the injury complained of was suffered, and that it was occasioned by a fall upon the sidewalk, as charged in the petition of plaintiff, and that the sidewalk in the place where the fall occurred was in an unsafe and dangerous condition for the passage of travelers on foot, and that the accident occurred in consequence of such unsafe condition of the sidewalk, and that the plaintiff could not have known and guarded against the damages by the use of ordinary care and prudence, then the jury will find for the plaintiff, if they find that the negligence of plaintiff did not contribute to the injury.

" 4. If the jury find from the evidence that the plaintiff was injured by the defective sidewalk in the street of the defendant, without negligence on his part, it is not necessary, in order to entitle the plaintiff to recover, that he should prove actual notice of the defect to the city, if the same was the

result of the construction by the defendant, or if the defect was notorious and had remained so for a sufficient length of time to enable defendant, by reasonable diligence, to know of its existence and repair the same.

"5. That if the sidewalk was properly constructed, and afterward became out of repair, then defendant would not be liable, unless you find it had notice of such defect. But actual notice need not be proved in all cases. It may be inferred from the notoriety of the defect or danger, from its continuance for such a length of time as to lead to the presumption that the proper officers did in fact know, or with proper diligence might have known, the same."

Appellant assigned the giving of each of these instructions as error.

The objection urged to the first and second instructions is that they authorize a recovery against the defendant without proof, actual or implied, that the city knew of the defective condition of the sidewalk.

Appellant's counsel concede that if the sidewalk was originally improperly constructed the city would of necessity have notice.

But they claim that if the sidewalk had been changed, or had become dangerous by accidental causes, or by the acts of any one else than the defendant, the defendant would not be liable until it had notice of the existence of the defect. It is conceded then that these instructions are applicable to a certain state of facts, and that as to them the instructions are not erroneous. Now, we have nothing in the record to show that the facts proved were not precisely those under which it is conceded these instructions are proper. In other words, we have nothing to show that the defect was not in the original construction. We have none of the evidence in the record, touching the defendant's negligence. Error will not be presumed; it must be made to appear affirmatively.

Besides, in the fifth instruction the court directed the jury "that if the sidewalk was properly constructed, and afterward became out of repair, then defendant would not be liable unless you find it had notice of the defect."

This instruction applies to the other state of facts suggested by the principle for which appellant contends. It is usually not practicable, in any one instruction, to present all the limitations and restrictions of which it is susceptible. These very frequently must be presented in other and distinct portions of the charge. The charge must be taken together, and if, when so considered, it fairly presents the law and is not liable to misapprehension nor calculated to mislead, a cause should not be reversed, simply because some one of the instructions may lay down the law without sufficient qualification.

<p style="margin-left:2em">1. INSTRUCTIONS: practice.</p>

The fifth instruction evidently limits those which we have before considered. The jury could not have concluded from the instructions taken together, that if the sidewalk was properly constructed, and afterward, from any cause, became out of repair, the city could be held liable without notice of the condition of the sidewalk.

Complaint is made of all that part of instruction number four, which is as follows: " Or if the defect was notorious, and had remained so for a sufficient length of time to enable defendant by reasonable diligence to know of its existence and to repair the same." Objection is also made to all that part of instruction number five, which is as follows: " Or with proper diligence and care might have known the same." The duty is imposed upon a city of keeping its sidewalks in a reasonably safe condition. The discharge of this duty necessarily involves and requires the exercise of reasonable care and diligence. In the nature of things this duty cannot properly be discharged without the exercise of reasonable diligence to discover the condition of the sidewalks. Hence the law either conclusively presumes that such diligence has been exercised, and that the knowledge which such diligence would procure has been acquired, or that the city has been culpably negligent in not employing such diligence. In one case the city is liable because of its notice; in the other it is liable without notice, because its lack of notice results from its negligence. There is no error in these portions of the instructions.

<p style="margin-left:2em">2. MUNICIPAL corporations: streets: negligence.</p>

II. The court further instructed the jury as follows: " If you find from the evidence that plaintiff knew of the condition 3.——:——: of the sidewalk at the place of injury, or could by the use of ordinary diligence have discovered it at the time and before the injury complained of, then you will find for the defendant, *if you find his negligence contributed to the injury.*"

*3. personal injury.*

The italics are ours. The instruction, exclusive of the italics, was asked by the defendant. The italicised portion is the modification added by the court. Appellant claims that the instruction should have been given as asked, and that, as modified, it is erroneous. The instruction as asked denies relief to a party who goes upon a defective sidewalk, with knowledge of its condition, no matter what his necessities may be. If all the sidewalks are known to be out of repair, he must never leave his home, nor return to it from abroad, unless he is willing to assume all the risks of injury from such defect.

All, then, that a city need do to escape its obligation to keep its sidewalks and streets in repair would be to notify its inhabitants that the streets and sidewalks are in an unsafe condition.

It has been held that one who is injured upon a street which he knew to be dangerous, needs not show that he exercised extraordinary care. *Hanlon v. The City of Keokuk,* 7 Iowa, 488.

*A fortiori* he cannot be denied relief simply because he goes upon a street which he knows to be dangerous, for if that defeats his remedy, he cannot recover even with the exercise of extraordinary care.

III. The defendant complains of the giving of the following instruction:

"10. If the jury find for the plaintiff, you will assess such damages as the evidence shows the plaintiff is entitled to under the circumstances, taking into account his loss of time in effecting a cure, and his expenses in respect thereof, the loss to him sustained by not being able to attend to his business by reason of said injury, the pain

*4. DAMAGES: city: personal injury.*

and suffering endured, and any permanent or continuing injury received, considering the age of plaintiff and his expectancy in life. You will also take into consideration in fixing the amount of your verdict, the physician's or surgeon's bill incurred on account of said injury, and any other expense for medicine and nursing that may have been incurred."

To the first part of this instruction it is objected that the direction to the jury to assess such damages as the evidence shows the plaintiff is entitled to under the circumstances, permits them to take into consideration the circumstances connected with the sidewalk's being out of repair, and to consider them as an element of damage, and to give damages beyond the actual injury sustained; in other words, that it authorizes the jury to award exemplary damages. The instruction, we think, is not vulnerable to the objection made. From the specifications of the circumstances to be considered, which the instruction contains, it is evident that the court had in view the circumstances surrounding the plaintiff, and the injury which he received, and not those connected with the condition of the sidewalk. It is not at all probable that a jury would suppose this instruction permitted them to allow exemplary damages.

Besides, we have not the evidence showing under what circumstances the sidewalk was out of repair. Even if the jury considered them, we have no warrant for saying they were such as to aggravate the damages. They may, upon the contrary, have been of a character to mitigate the damages. Even if the instruction was objectionable, appellant has not shown any prejudice.

Appellant also objects to the portion of this instruction which permits the jury to consider plaintiff's *expectancy in life*. It is discussed by appellant as though the language employed was *expectancy of life*. The two phrases express quite different ideas. Expectancy *in* life evidently means one's probable employments, circumstances, conditions, etc., during his life. Expectancy *of* life means the probable duration of life. Expectancy *in* life embraces all reasonable pros-

pects, in view of the present condition.  These it was proper for the jury to consider.

IV.  The defendant asked the court to give the following instruction:  11.  "And if you find from the evidence that under proper medical treatment the injury would have been limited, then such limited injury would be the measure of defendant's liability.  And if you find that the present condition of the plaintiff's injury is occasioned by a failure upon the part of the surgeon to replace any of the bones of the limb, and the want of proper bandages or splints applied to the limb at the time of the injury, and afterwards in the treatment thereof; then the defendant is not liable for such neglect, or want of skill in the treatment of such injury, and the plaintiff's damage cannot be measured by the result of such injury as now found to have arisen under such neglect, or want of proper treatment."  The court refused this instruction and gave the following:  9.  "That if the plaintiff was injured, as alleged, it was incumbent on him to make use of reasonable means to effect as speady and complete a recovery as could reasonably be accomplished.  That if, in the selection of a physician or surgeon, he immediately employed a person of good reputation and skill, and used reasonable judgment in the selection of a skillful surgeon and physician, that his damages should not be affected if he did not secure the most skillful.  That plaintiff was bound only to employ a person of such reputed skill, and reputation as persons of reasonable care and prudence, were accustomed to employ in such cases."  There is no error in this action of the court.  The principle of the instruction given was approved by this court in *Collins v. The City of Council Bluffs*, 32 Iowa, 324, (329.)  See also *Lawrence v. Housatonic R'y Co.* 29 Conn., 390; *Stover v. Bluehill*, 51 Maine, 439.  COLE, J., dissented in *Collins v. The City of Council Bluffs*, and now dissents as to this point.

V.  Appellant also assigns as error the refusal to give several other instructions asked.  The points which they involve are not sufficiently important to merit extended consideration. Many of these instructions are not shown to be at all appli-

*[margin note: 6. ——: personal injury: employment of physician.]*

cable to the testimony. The others are substantially covered by the charge of the court.

VI. In order to show his capabilities before the injury, plaintiff was permitted to prove what he had earned per year,

7. ——: ——: by his personal exertions. In this there was no previous earnings. error. The evidence tends to show that, from the time of the injury to the time of trial, plaintiff had been incapacitated for business. It also tends to show that the injury was of a permanent character. For his loss of time plaintiff is entitled to compensation. The compensation awarded must depend upon the value of his time. In order to afford the jury a basis of estimating this value, it is surely competent to show what plaintiff in fact earned when in business, before the injury was inflicted. Of course it is competent for the other party to ascertain upon cross-examination how the earnings were made, and if it should be disclosed, as suggested by appellant's counsel, that he visited California, and by mining found a nugget of gold worth a million of dollars, the jury would not infer that, but for the injury, a like fortune would have attended all the years of his life.

VII. Dr. W. S. Grimes, a witness for plaintiff, described the injury to plaintiff's ankle, its condition at the time of trial, 8. EVIDENCE: cross-examination. and expressed the opinion that the injury was permanent. Upon cross-examination defendant inquired whether the condition of the ankle at the time of trial was not attributable to the method of treating the injury, and what would be the proper treatment of such injury, and other questions of like import. These were objected to upon the ground that they were matter of defense, and not proper as cross-examination. The objection was sustained, and defendant assigns the ruling as error.

The ruling was right. It would not explain, limit or modify the testimony in chief to show that the limb had not been properly treated. There was an opportunity to introduce this witness for the defense, if his testimony on this subject was desired.

VIII. The defendant, as an amendment to the answer,

alleged that it had no money in its treasury, with which it
could make any repairs on the sidewalk, and that
it is indebted in an amount exceeding five per
centum of the value of its taxable property. A
demurrer to this answer was sustained. In *Bartle v. The
City of Des Moines*, 38 Iowa, 44, it was held that this
defense is not available.

9. MUNICIPAL corporation: limit of indebtedness.

IX. The only remaining point made is that the verdict is
excessive. The evidence shows that the injury to plaintiff's
ankle is of a serious character. Up to the time of trial, a
period of nearly two years, it had continued to be at times
quite painful. The lateral motion of the foot is gone. The
injury is probably of a permanent character. Plaintiff is lame,
and is likely to remain so. From a review of all the testi-
mony, we cannot say that the verdict indicates passion or prej-
udice, or that it did not result from a careful, deliberate and
intelligent weighing of the evidence submitted.

We cannot, therefore disturb it. The judgment is

AFFIRMED.