MONTGOMERY v. THE CITY OF DES MOINES.

55 101
96 317

1. **Municipal Corporations:** DEFECTIVE SIDEWALK: INSTRUCTIONS. Instructions in an action to recover for personal injuries, received by reason of a defective sidewalk, considered and approved. Following *Rice v. The City of Des Moines*, 40 Iowa, 638.

*Appeal from Warren Circuit Court.*

FRIDAY, DECEMBER 10.

THIS action was commenced in the Polk Circuit Court to recover for injuries claimed to have been sustained through a defective sidewalk on a street of the defendant. The venue

was changed to the Warren Circuit Court. The cause was tried to a jury and a verdict was returned for the plaintiff for $5,500. The motion for a new trial was overruled and judgment was entered upon the verdict. The defendant appeals.

*Miller & Godfrey* and *Seevers & Sampson*, for appellant.

*G. W. Field* and *B. A. Williams*, for appellee.

DAY, J.—I. The court instructed the jury as follows:

" 1. It is the duty of the city of Des Moines to keep such streets as are constructed in the same, for the convenience of passers and foot travelers, open and in repair, and free from nuisance; and if the evidence satisfies the jury that the sidewalk, as alleged in the petition of plaintiff, was out of repair or improperly constructed, and in such condition as to render passers over the same liable to fall or otherwise get injured, and that in consequence thereof the plaintiff in passing over the same was injured, without negligence or fault on her part, which contributed to the injury complained of, then the jury will find for the plaintiff, but if you fail to so find, then you will find for the defendant.

" 2. If the jury find from the evidence that the injury complained of was suffered, and that it was occasioned by a fall upon the sidewalk, as charged in the petition of plaintiff, and that the sidewalk in the place where the fall occurred was in an unsafe and dangerous condition for the passage of travelers on foot, and that the accident occurred in consequence of such unsafe condition of the sidewalk, and that the plaintiff could not have known and guarded against the damages by the use of ordinary care and prudence, then the jury will find for the plaintiff, if they find that the negligence of the plaintiff did not contribute to the injury.

" 3. If the jury find from the evidence that the plaintiff was injured by the defective sidewalk in the street of the defendant without negligence on her part, it is not necessary in

order to entitle the plaintiff to recover that she should prove actual notice of the defect to the city if the same was the result of the construction by the defendant, or if the defect was notorious, and had remained so for a sufficient length of time to enable defendant, by reasonable diligence, to know of its existence and repair the same.

"4. If the sidewalk was properly constructed and afterward became out of repair, then defendant would not be liable unless you find that it had notice of such defect. But actual notice need not be proven in all cases. It may be inferred from the notoriety of the defect or danger from its continuance for such a length of time as to lead to the presumption that the proper officers did in fact know, or with proper diligence might have known, the same."

It is objected to the first and second of these instructions that they are erroneous in that they direct the jury that they may find for the plaintiff, irrespective of any knowledge of the defendant of the defective condition of the sidewalk. Whatever defect there may be in these instructions in this respect, it is fully cured by the fourth instruction above set out. The charge of the court must be considered as a whole. These instructions are a literal copy of the instructions given, and by us approved, in *Rice v. City of Des Moines*, 40 Iowa, 638.

II. It is claimed that the fourth instruction is erroneous in that there is an entire absence of evidence tending to show notoriety of the defect. And that the third instruction is erroneous, in that there is no testimony tending to show that the sidewalk in question was defectively constructed. No error is assigned upon either of these instructions. These objections, therefore, cannot be considered. *Olson v. Martin*, 38 Iowa, 346.

III. It is claimed that the verdict is not sustained by the evidence. There is a conflict in the evidence as to whether the defect complained of had existed for such a length of

time that the city, in the exercise of ordinary care, should have known of it.

There is not such an absence of evidence as to warrant the conclusion that the verdict was the result of passion or prejudice, or that it was not the result of an honest effort rightly to decide between the parties.

AFFIRMED.