Weber v. The City of Creston.

## WEBER v. THE CITY OF CRESTON.

1. **Cities and Towns**: INJURY THROUGH DEFECTIVE WALK: NOTICE OF DEFECT: EVIDENCE. In an action for an injury occasioned by a defective sidewalk which had been built eleven years, the defendant was chargeable with notice of the manner in which the walk was constructed, and there was evidence tending to show that a walk so constructed was, or was liable to become, unsafe. *Held* that a verdict implying that the walk was defective, and that defendant had knowledge of its defects, was not without support in the evidence, though it was shown that no defect was apparent to the ordinary observer at the time of the injury.

2. —— : —— : DEFECTIVE CONSTRUCTION: CUSTOM NO DEFENSE. In such case it was no defense that the custom of defendant was to build its walks in the same defective manner as the one in question.

3. —— : —— : MEASURE OF DAMAGES. In such case, where the evidence tended to show physical and mental suffering, and that the injury might in some degree be permanent, *held* that plaintiff's recovery was not necessarily limited to the amount that he would have earned during the time lost, and what he paid for medicine, aggregating $47.40, but that a verdict of four hundred dollars could not be interfered with as excessive.

4. —— : —— : —— : INSTRUCTION. In such case the defendant asked the court to instruct the jury that they could allow plaintiff no exemplary damages whatever; only what his time was worth, and any doctor's bills that he may have paid. *Held* that it was properly refused, because, while plaintiff was not entitled to exemplary damages, the instruction did not otherwise properly state the law in regard to the measure of his damages.

5. **Personal Injury**: EVIDENCE. In an action for a personal injury, a non-expert may state such facts as to the appearance of the injury a short time after its occurrence as may aid the jury in determining its extent.

*Appeal from Union District Court.*—HON. R. C. HENRY, Judge.

FILED, SEPTEMBER 5, 1888.

THIS action was brought to recover for damages sustained by plaintiff and alleged to have been caused by a defective sidewalk for which defendant was responsible. The cause was tried to a jury, and a verdict returned in

favor of plaintiff for four hundred dollars. Judgment was rendered on the verdict, and defendant appeals.

*J. B. Sullivan*, for appellant.

*D. W. Higbee* and *J. H. Copenheffer*, for appellee.

ROBINSON, J.—On the sixteenth day of July, 1887, the plaintiff, while walking on a sidewalk of defendant, stepped upon a board, which gave way under his weight, permitting one foot and leg to go through the walk to the ground, some eighteen inches or more below, and causing the injury of which he now complains.

I.   The negligence of which defendant is charged consists in constructing the sidewalk, where the accident occurred, in a defective manner, and in permitting the same to become decayed and unsafe. It is claimed on the part of appellant that it had no notice of the alleged defects; that they could not have been discovered with ordinary care, and were unknown to it. It is shown that the walk appeared to be safe and in good condition to the ordinary observer at the time of the accident. The plaintiff had passed over it several times each day for months without observing any defect. Other witnesses had similar experience. We are of the opinion that the liability of defendant must be determined by its knowledge of the manner in which the walk was constructed. It appears that until a time about five years preceding the trial all walks of the kind in question were constructed by laying four-foot boards across the stringers, leaving as pace of about three feet between the stringers, where there was no support for the boards of the walk. Some of the evidence introduced tended to show that this was an improper construction of the walk, and the jury were authorized to so find. The walk had been constructed eleven years or more at the time of the accident. It is alleged in the petition, but not shown, that defendant built this walk. We are uncertain whether the answer was designed to admit or deny this, and the fact alleged does not seem to have been questioned on

> 1. CITIES and towns: injury through defective walk: notice of defect: evidence.

the trial. But we do not consider this important. · The defendant was chargeable with knowledge of the fact that all walks of the width of this one, built prior to 1882, were constructed as this one was, and hence was chargeable with notice that this was defectively constructed. Some of the evidence given tended to show that the walk had been repaired. If this was the fact, defendant would be chargeable with actual notice, and if it was not, then defendant would be chargeable with notice that a walk defectively constructed was liable to be growing more unsafe by use and lapse of time. We think the sufficiency of the walk, and the knowledge on the part of defendant of its defects, were within the province of the jury to determine. *Montgomery v. City of Des Moines*, 55 Iowa, 101; *Rice v. City of Des Moines*, 40 Iowa, 633. We cannot say that the verdict is contrary to the evidence.

II. It is urged on the part of appellant that, if the walks were built in the manner customarily adopted by it, it cannot be held liable. But the fact that the negligence was usual or customary is no defense. *Hosic v. Chicago, R. I. & P. Ry. Co.*, post, p. 683; *Hamilton v. Des Moines Valley Ry. Co.*, 36 Iowa, 38.

2. defective construction: custom no defense.

III. It is claimed that the verdict is excessive. It appears that twenty-seven days elapsed between the time plaintiff was injured and the time he returned to work; that he was receiving $1.20 per day for his labor, and that he paid fifteen dollars for medicine. Appellant insists that the amount of his recovery should be limited to $47.40. But the evidence shows or tends to show that plaintiff lost other time after he first resumed work; that he suffered physically and mentally; that he has · not yet recovered from the effects of the accident; and that it is possible that he never will. If this evidence was believed by the jury, it justified the amount of the verdict.

3. measure of damages.

IV. The defendant asked the court to instruct the jury as follows: "You are instructed that in this action,

4. ___:___:___. instruction. if you find the plaintiff is entitled to any damages at all, you can only give him the actual damages he has sustained. You can allow him no exemplary damages whatever, only what his time is worth, if any, and any doctor's bills that he may have paid." The instruction was refused, and of this appellant complains. There was no error in the refusal of the court to give this instruction, for the reason that it does not express the law. It is true that no exemplary damages can be given in an action of this kind, and the jury might properly have been so instructed; but it is not true that plaintiff's right of recovery is limited to loss of time and physicians' bills. The court properly charged the jury that they might find for plaintiff such an amount as would "compensate him for the personal injury so received, and for his loss of time in endeavoring to be cured, and his expenses necessarily incurred in respect thereto, if any such loss or expense has been proven; and also the pain and suffering undergone by him, and any permanent injury, if any such has been proven." We do not think the failure of the court to frame and give an instruction in regard to exemplary damages ought to be urged as a ground for reversing its judgment.

V. Appellant complains that the court permitted a witness, who was not an expert, to testify as to the appearance of the injury a short time after it was received. The evidence given was as to facts which might aid the jury in determining the extent of the injury; and this we think was permissible.

5. PERSONAL injury: evidence.

VI. Other objections are made and urged by appellant. They are met in part by the views already expressed. We do not think any of them are well grounded, nor do we consider them of sufficient importance to be referred to at greater length.

AFFIRMED.