JAMES H. HUNT v. THE CITY OF DUBUQUE, Appellant.

**Plea and Proof.** An allegation that defendant "had notice" admits 3 proof of either actual or constructive notice.

**Evidence: MUNICIPAL CORPORATIONS.** Evidence of the condition of a walk a year before an accident caused by a defect therein, is admissible to show its actual condition at the time of the accident, and that it has been in a defective and dangerous condition 2 for such a length of time as to charge the city with notice thereof, in connection with evidence that its condition has not been substantially altered in the interval. .

**SAME.** Evidence that persons were seen to stumble at the defective part of a walk, and that one person was seen to stop and push the broken board down with his cane, before the accident in question, is admissible to show the condition of the walk at the time 2 of the accident, in connection with other evidence showing that there has been no substantial change in the interval.

**HARMLESS ERROR.** The overruling of objections to questions is not prejudicial where several witnesses, including one for the object- 1 ing party, testify without objection to the same effect as the answer elicited by such questions.

*Appeal from Dubuque District Court.—*HON. FRED O'DONNELL, Judge.

THURSDAY, DECEMBER 12, 1895.

Action at law to recover for personal injuries alleged to have been caused by negligence on the part of the defendant. There was a trial by jury and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*J. E. Knight* and *W. J. Knight* for appellant.

*Logueville & McCarthy* for appellee.

Robinson, J.—On the eleventh day of April, 1893, the plaintiff, while walking on a sidewalk in a street

of the defendant, fell, and received the injuries of
which he complains. He alleges that his fall was
caused by defects in the walk, of which defendant had
notice, and that it was negligent in not repairing it
and making it safe for travel. The defendant denies
negligence and liability on its part. The jury returned
a verdict in favor of plaintiff for four thousand dollars.
A motion for a new trial having been filed, the court
ordered that it be sustained, unless the plaintiff should
take judgment for three thousand two hundred dollars.
He elected to take judgment for that amount, and it
was so rendered.

I.    The appellant complains of the ruling of the
court in permitting a witness named Chewning, to
state the condition of the walk at the time of the trial.
The court had ruled that the condition of the walk
after the accident occurred was immaterial, excepting
as it was shown to be the same then as it was
at the time of the accident. The witness named
described the condition of the walk as he found
it an hour or two after the accident, and was then
asked: "The place where Hunt fell, has that been
changed?" An objection was overruled, and the wit-
ness answered: "Yes, sir; I think there is a new board
put in there." He was then asked: "Well, how is the
sidewalk as to being in the same condition now that it
was at the time you examined it? Is it or is it not?"
An objection to this question was overruled, and the
witness answered: "It is in a better condition now, than
it was then." It will be noticed that neither question
called for any answer but "Yes" or "No," and what
was said more than that was not called for by the
question, and was not in any manner attacked. So
far as the answers were required by the questions,
they stated a fact which was not in dispute. Several
witnesses testified without objection—one of them for
the defendant and at its instance—that the walk was

repaired within a short time after the accident occurred. Hence the defendant could not have been prejudiced by the rulings to which it objects.

II. The appellant complains of testimony given by Mrs. Dickenson in regard to the condition of the walk both before and after the accident. She lived in the house next to the sidewalk in question more than three years, and was familiar with its condition during that time. She moved from the house about six months before the accident occurred, but noticed its condition after she moved, and at about the time of the accident. She described the condition of the walk the year before the accident, and stated in effect, that its condition was substantially unchanged at about the time of the accident. This was competent evidence to show the actual condition of the walk, and that it had been in a defective and dangerous condition for such a length of time that the defendant should be charged with knowledge of the defect before the accident occurred. The witness was also permitted to state that she had seen people stumble at the defective part of the walk, and that she saw an old gentleman stop and push the board down with his cane. The testimony tended to show the condition of the walk and was material for that purpose, when taken with other evidence, to show that the condition continued until the accident occurred. *Smith v. Des Moines*, 84 Iowa, 688 (51 N. W. Rep. 77); *District of Columbia v. Armes*, 107 U. S. 519 (2 Sup. Ct. Rep. 840); *Bloomington v. Legg* (Ill. Sup.) 37 N. E. Rep. 696; *Grundy v. City of Janesville*, 54 N. W. (Wis.) Rep. 1086; *Alberts v. Village of Vernon*, 55 N. W. (Mich.) Rep. 1023). We do not find any reversible error on rulings on the admission of evidence.

III. The petition alleges that the defendant "had notice of the defective and dangerous condition of the

sidewalk at and before the happening of the accident," and, "that, notwithstanding such notice, the city negligently allowed the same to be out of proper repair, and made no effort to make the same safe for travel." The charge to the jury, in effect, instructed them that if the plaintiff, without fault on his part, had sustained damage by reason of the defective condition of the walk, he could recover if the defective condition "had existed for such a length of time before the alleged accident as that defendant, through its officers, should have known of such condition;" also, that "the plaintiff is not required to prove actual notice to the city of such defect. If the sidewalk became out of repair to such an extent as to render it unsafe for travel, and was permitted to remain in such condition for such length of time, and was so open and apparent and visible to the passers-by, as to be notorious, it may be presumed by the jury that, from such notoriety, the proper officer of the city did in fact know of it, or with proper diligence might have known of this defective condition in time to have repaired it before the accident complained of." The appellant complains of these and other portions of the charge which authorized the jury to find against the defendant, even though it had no actual notice of the defective condition of the walk, on the ground that the petition only charges actual notice, and that there can be no recovery unless that is shown. We do not think this claim can be sustained. The petition charges notice without stating whether it was actual or constructive, and proof of either would sustain the averment. It is well settled that the notice need not be actual. *Montgomery v. City of Des Moines*, 55 Iowa, 101 (7 N. W. Rep. 421); *Rice v. Same*, 40 Iowa, 638.

IV. The evidence tends to show that the plaintiff has sustained serious and permanent injuries, but

there is much conflict in the evidence in regard to their cause and extent. It appears that about fifteen years before the accident in question, he was injured by the explosion of a boiler of an engine, and it is insisted that his present condition is caused chiefly, if not wholly, by the injuries he then received, and that the amount of recovery is excessive. The nature and extent of the injuries of which the plaintiff complains, and their cause, were matters for the jury to determine. The evidence authorized them to find that, at the time of the accident, he had almost wholly recovered from the effects of the explosion; that excepting an injury to one hand, which did not seem to affect his capacity to labor in his business, which is that of a stationary engineer, he had been sound, and, excepting for short periods of time, well, for ten years; that the injuries of which he complains were caused by the accident in question; and that they have caused much loss of time and great suffering; and that they have permanently impaired his ability to work. Hence we cannot say that the amount which he has recovered is excessive.

V. Other questions have been discussed by counsel. Some are not of sufficient importance to require specific mention, and others are immaterial in view of the conclusions we have announced. There does not appear to be any sufficient ground for disturbing the judgment of the district court, and it is *affirmed.*