PERSINGER GARAGE COMPANY, Appellant, v. M. CAMINSKY,
Appellee.

CHATTEL MORTGAGES: Destruction of Note—Effect on Lien.
Whether a transaction constitutes a purchase or payment of a
note is a matter of intention.   Evidence reviewed, relative to
the unauthorized destruction of a note by a surety and the ex-
ecution of a new note by the principal debtor, and held to show
a purchase, and not a cancellation, and that the chattel mort-
gage lien was, therefore, preserved.

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON,
Judge.

MARCH 23, 1920.

SUIT in equity to determine priority of liens.   Decree
in favor of defendant.   Plaintiff appeals.—*Affirmed.*

*John L. Gillespie,* for appellant.

*E. S. Schuetz,* for appellee.

STEVENS, J.—On or about April 8, 1919, plaintiff com-
menced an action against W. J. Roberts on an open account,
aided by attachment which was levied upon a Ford auto-
mobile owned by said Roberts.   A trial resulted in a judg-
ment against Roberts.   Shortly after the levy of the writ of
attachment upon the automobile, defendant herein caused
a proper notice to be served upon plaintiff, claiming a prior
chattel mortgage lien upon the automobile.   It appears
without dispute in the record that, on or about January 6,
1919, W. J. Roberts borrowed $150 from a bank in the city
of Des Moines, giving his note therefor, due March 6, 1919.
The note was also signed by R. A. Greene, as surety.   On
the same day, Roberts gave a chattel mortgage on the Ford
automobile to Greene, to protect him in case he was re-
quired to pay the note.   On March 1, 1919, Greene assigned

the mortgage in writing to J. W. Mulhern, who paid the bank and took up the note. On April 7th, Mulhern and E. S. Schuetz went to the office of R. A. Greene, where the papers were kept for Mulhern, at which time a check, signed by defendant, for $150, was delivered by Schuetz to Mulhern, who in writing assigned the mortgage to defendant. After assigning the mortgage to defendant, Mulhern handed the note to Greene, who destroyed it, saying that he was a joint maker on the note, and was not willing that it be transferred to defendant. A new note for $150 was immediately executed by Roberts, and delivered to Schuetz for the defendant.

The sole question for decision is whether the transaction at the office of R. A. Greene shall be treated as a payment of the note, or the purchase of the mortgage by defendant. If the debt was, in fact, paid, the mortgage necessarily ceased thereafter to be a lien upon the automobile. *Gammon & Deering v. Kentner*, 55 Iowa 508. But if the parties intended that the debt and the lien of the mortgage as security therefor be continued, and not extinguished, the finding of the court below must be sustained. Much emphasis is given by counsel for appellant in argument to the fact that the mortgage was executed to protect Greene, as surety on the note to the bank, and not primarily to secure the payment of the debt, and that, as the transaction on April 7th released Greene from further liability, it had the effect to extinguish the lien of the mortgage. The payee named in the note transferred the same to Mulhern, and, at the same time, Greene assigned the mortgage to him, evidently intending it to be held by the assignee as security for the payment of the indebtedness evidenced by the note to the bank; so that, at the time of the transaction in question, Mulhern was holding the mortgage as security for the payment of the debt, and had a perfect right to transfer the same to defendant, whose rights, as the holder of

the mortgage, would be the same as his.  The conclusion reached herein must, therefore, depend upon whether the transaction be treated as having extinguished the debt, or as continuing the lien of the mortgage as security for the debt, evidenced by the new note.

It is suggested by counsel for appellant that the real purpose of the transaction was to release Greene from further responsibility.  On the contrary, Schuetz, who represented defendant, requested the assignment of the mortgage, and the note was destroyed by Greene, without authority from anyone.  It is true that Schuetz testified that he was not particular about the note as it was executed to the bank, and it does not appear that he protested against the destruction of the note.  The failure to protest does not necessarily indicate assent upon his part, or that he intended to treat the debt as paid.  A new note was made out and signed by Roberts in Greene's office.  The defendant must not have intended to pay the debt.  There would have been no reason for the assignment of the mortgage to her, if such had been her purpose.  The assignment, at the request of defendant's attorney, is some evidence of her intention to purchase the mortgage, and not to pay the indebtedness.  *Olson v. Martin,* 38 Iowa 346.  Certainly, Roberts did not understand or intend the check for $150 to extinguish the debt, or he would not have given a new note.  The question is one of intention.  The destruction of the original note by Greene did not release Roberts from responsibility, and it is immaterial, for the purpose of our discussion, whether it operated to release Greene or not.  The mortgage did not belong to him, but to Mulhern, who, by the voluntary transfer to him by Greene, held it as security for the debt.  We think the lien of the mortgage was preserved, and is paramount to the judgment lien of plaintiff.

It follows that the judgment and decree of the court below must be and are—*Affirmed*.

WEAVER, C. J., LADD and GAYNOR, JJ., concur.