[Civ. No. 5669. First Appellate District, Division Two.—May 18, 1927.]

## LEON B. JONES, Appellant, v. E. D. BULLARD et al., Respondents.

## CHARLES H. KENDRICK, Appellant, v. E. D. BULLARD et al., Respondents.

[1] NEGLIGENCE — DAMAGE TO AUTOMOBILES — NONSUIT — TIME OF GRANTING—FINDINGS—JUDGMENT—DISMISSAL.—In actions to recover damage to automobiles, where one of the defendants made a motion for a nonsuit, and after such motion was ordered submitted said defendant introduced her evidence, and when the evidence was all in, the actions were ordered submitted on briefs, and after receiving the briefs, the trial court made findings in favor of said defendant on the material issues, and a formal judgment was entered that the motion for a nonsuit should be granted and that as to said defendant the action should be dismissed, if it be conceded that it was erroneous to grant the motion for nonsuit at the time it was granted, nevertheless the order was without prejudice, where the findings made by the trial court are sustained by the evidence and called for a judgment on the merits in favor of such defendant; and it follows that plaintiffs were not injured because the trial court entered a judgment of dismissal instead of a judgment on the merits, in favor of such defendant.

[2] ID.—AGENCY—EMPLOYER AND EMPLOYEE—FINDINGS—EVIDENCE.— In actions to recover damage to automobiles caused by an automobile belonging to one of the defendants when it started down a grade after a repairman, with whom the car had been left for repair, had stopped and gotten out of the same, the evidence was sufficient to support the findings that the repairman was not the agent or employee of the owner of the automobile causing the collision and that such repairman was not at the time of the accident in the performance of any mission or business for such owner.

[3] ID. — AGENCY — RATIFICATION — EVIDENCE.—In such action, there was no ratification of the repairman's acts where the record shows that the son of the owner of the automobile causing the collision visited the scene of the accident, ascertained certain facts, and had certain conversations, but the evidence does not disclose that he had any authority from said owner to do any of those

things, nor does it disclose that the son did in any manner ratify the act of the repairman.

(1) 4 *C. J.*, p. 1020, n. 84.    (2) 42 *C. J.*, p. 1231, n. 22, p. 1232, n. 23.    (3) 2 *C. J.*, p. 954, n. 82.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

George E. Sandford and Dean Sherry for Appellants.

James M. Wallace for Respondents Bullard.

C. A. Henning for Respondent Carrigan.

STURTEVANT, J.—Mrs. Marie S. Bullard was the owner of a Cadillac automobile. She allowed her son-in-law and daughter, James W. Towne and wife, to keep the custody of it and to have the use of it. In November, 1922, the car was in need of repairs. Mr. Towne so informed Mrs. Bullard, and she told him to deliver the car into the possession of Joseph Carrigan, one of the defendants. After the car had been delivered Mrs. Bullard called on Carrigan and was informed as to the nature of the defects and the repairs necessary, and made an agreement with him to make the repairs and fixed the amount of his compensation. The repairs to be made included, among other things, the tightening of the bearings. The labor was to be done by Carrigan in his garage at his convenience. When the car had been repaired the bearings were so stiff that the car would not respond to the starter. Therefore Carrigan blocked the car up and allowed the engine to run, and, carrying out the same purpose, he drove the car outside of the shop and drove it around to different places. While doing so, on one occasion, he stopped the car on a side-hill in front of his own house, which is located on Pierce Street between Vallejo and Green Streets, in San Francisco. At that place the hill is quite steep. After Carrigan stopped the car he got out and was entering his house when he saw the car start down

the hill. The car continued to move on down the grade until it collided with the car of the plaintiff Kendrick, and that collision caused the Kendrick car to collide with the car of the plaintiff Jones. The owners of the latter cars severally sued Marie S. Bullard, her son E. D. Bullard, and Joseph Carrigan. The defendants answered and the cases were consolidated and tried together before the trial court sitting without a jury. The trial court made findings against Joseph Carrigan and in favor of all of the other parties. The plaintiffs have applied from the judgment in favor of Marie S. Bullard.

As to the defendant E. D. Bullard the trial court by consent entered a motion of nonsuit.

[1] At the end of the case made by the plaintiffs the defendant Marie S. Bullard made a motion for a nonsuit. The motion was ordered submitted. Thereafter the defendant Marie S. Bullard proceeded to introduce her evidence both oral and documentary. The defendant Joseph Carrigan did the same thing. When the evidence was all in an order was made submitting the actions on briefs. Neither before that order was made nor at any other time was the trial court called upon to rule on the motion for a nonsuit, except as will presently be noticed. After the trial court had received briefs and after it had reached its conclusions it signed a set of findings in which all of the material issues were found against the defendant Carrigan and in favor of each plaintiff and in favor of Marie S. Bullard. The findings contained conclusions of law, among others that Marie S. Bullard's motion for a nonsuit should be granted. A formal judgment was entered in each case which ordered (1) a judgment in favor of the plaintiff against the defendant Carrigan; (2) that the action be dismissed as to E. D. Bullard; and (3) that Marie S. Bullard's motion for a nonsuit should be granted and that as to her the action should be dismissed. If it be conceded that it was erroneous, in the instant case, to grant Marie S. Bullard's motion at the time it was granted, nevertheless the order was without prejudice. If we were to reverse the judgment because of the supposed error our ruling would be so made merely for the purpose of directing that the trial court make a formal order as at the end of the defendants' case overruling the motion for a nonsuit and further directing the trial court to enter a judgment on

the merits in favor of Marie S. Bullard based on the findings of fact which the trial court had already made. That course of procedure, however, is not necessary, as will presently appear. The findings made by the trial court are sustained by the evidence and such findings called for a judgment on the merits in favor of Marie S. Bullard. It follows that the appellants were not injured because the trial court entered a judgment of dismissal instead of a judgment on the merits in favor of Marie S. Bullard.

[2] The appellants claim that the finding to the effect that Joseph Carrigan was not the agent or employee of Marie S. Bullard is not supported by the evidence. The claim may not be sustained. There was an abundance of evidence to support the finding. In making this claim appellants assert that when Carrigan took the car out on to the street for the purpose of loosening the bearings, that he did so pursuant to directions given him by James W. Towne. However, Mr. Towne distinctly testified that he gave no such directions. The appellants also assert that at the same time Carrigan had finished his work on the car, that the matter of loosening the bearings was "a task which was supposed to be done by Mr. Towne," and that all acts of Carrigan from the time he drove the car out of the garage were acts on his part in the capacity of a servant for the owners. These assertions are not supported by the record. In her deposition Marie S. Bullard testified that Carrigan was "to put it in good condition." James W. Towne repeatedly testified that in talking to Carrigan over the phone on each occasion he stated to Carrigan that he did not want the car "until it was in order." The uncontradicted evidence is that the car was not "in order" nor "in good condition" at any moment prior to the accident. In other words, Carrigan's assumed task was not completed.

What we have just said on the point last discussed applies also to the contention that the finding that Joseph Carrigan was not at the time of the accident engaged in the performance of any mission or business for Marie S. Bullard is not supported by the evidence.

[3] In the next place the appellants assert that Marie S. Bullard ratified Carrigan's acts. The record shows that Mrs. Bullard's son visited the scene of the accident, ascertained certain facts, and held certain conversations. How-

ever, the evidence does not disclose that he had any authority from Marie S. Bullard to do any of those things—nor does it disclose that he did in any manner ratify the act of Carrigan.

The record discloses that there were irregularties in the proceedings below, but it also discloses that there was no miscarriage of justice.

The judgments are affirmed.

Koford, P. J., and Nourse, J., concurred.