VIOLA PHILLIPS, Appellant, v. KARL F. WERNDORFF, Appellee.

No. 41283.

JUNE 24, 1932.

REHEARING DENIED DECEMBER 15, 1932.

William P. Welch and Robertson & Robertson, for appellant.

Tinley, Mitchell, Ross & Mitchell, for appellee.

STEVENS, J.—This action is brought by the guardian of Viola Phillips, a minor, to recover damages for the alleged malpractice of the defendant appellee, who was employed as a physician to treat certain injuries received by her in an automobile accident. No question is raised in this court as to the sufficiency of the allegations of the petition to state a cause of action nor of the right of the plaintiff in the first instance to recover damages of the defendant resulting from the unskillful and negligent treatment of the injuries of his ward received in the automobile accident. The answer to the plaintiff's petition in the case before us set up an alleged settlement and satisfaction of all of the damages sought herein in an action by plaintiff's ward against W. H. Adams, whose automobile struck Viola Phillips, inflicting the injuries for which she was treated by appellant. Accompanying the answer as an exhibit is a copy of the

written stipulation and agreement between appellant, as guardian of Viola Phillips, and the Adamses in the action for damages then pending against them.

Appellant filed a motion to strike the answer filed to the petition in this case, which, by agreement of the parties, was treated as a demurrer. The court overruled the demurrer, and the appellant in open court elected to stand thereon, refused to plead further, and suffered judgment dismissing the petition and for costs to be entered against him. Further proceedings referred to and discussed in appellant's argument need not, for obvious reasons, be considered. If the ruling of the court on the demurrer to the answer is sustained, this necessarily disposes of the case. The judgment thereupon entered becomes final and conclusive.

Two questions of law are involved and before us for decision. It is claimed in behalf of appellee: First, that the damages, if any, resulting to Viola Phillips from the unskillfulness or negligence of appellee in the treatment of the original injuries are the natural result of the wrongful act of the driver of the automobile, for which the Adamses were liable; and second, that, since she accepted compensation from the original wrongdoers for and in satisfaction of all of the damages, no action against the physician for any part thereof will lie. There is little, if any, conflict in the authorities upon either of the propositions relied upon by appellee.

The question to be first answered is: Were the Adamses, the original wrongdoers, liable in the action pending against them at the time the alleged settlement and release was signed for damages resulting from the negligent or unskillful treatment by appellee of the injuries originally inflicted upon Viola Phillips? The rule is almost universal that the aggravation of an injury resulting from the unskillful treatment of a physician or surgeon, if reasonable care was observed in his employment, is one of the elements of the damages for which the original wrongdoer is liable. Collins v. City of Council Bluffs, 32 Iowa 324; Rice v. City of Des Moines, 40 Iowa 638; Doran v. Waterloo, C. F. & N. R. Co. (Iowa), 147 N. W. 1100 (not officially reported); Texas & Pac. R. Co. v. Hill, 237 U. S. 208; Goss v. Goss, 113 N. W. (Minn.) 690; Elliott v. Kansas City, 74 S. W. (Mo.) 617.

This general rule is recognized by the following cases cited and relied upon by appellant to sustain his contention. Parkell v. Fitz-

porter, 29 A. L. R. (Mo.) 1305; Viita v. Dolan, 155. N. W. (Minn.) 1077; Staehlin v. Hochdoerfer, 235 S. W. (Mo.) 1060.

It appears, however, that, if damages alleged to have resulted from the unskillfulness or negligence of a physician or surgeon have no causal connection with the original injury, the first wrong-doer is not liable therefor. This is illustrated in Purchase v. Seelye, 121 N. E. (Mass.) 413. It appeared in that case that a surgeon performed an operation upon the plaintiff in the supposed treatment of injuries previously suffered on the wrong side, and for something having no connection whatever with the original injury. The court held that, as there was no causal connection between the operation alleged to have been unskillfully and negligently performed, a new, separate, and independent cause of action arose, and the original wrongdoer could not be held liable therefor. The point here suggested is urged by counsel for appellant on this appeal. Looking to the allegations of the petition, we find that each and all of the charges of malpractice are based strictly upon the negligent and unskillful treatment of the injuries received by Viola Phillips when struck by the automobile. No separate or independent tort is urged. The question before us is not whether actions may have originally been separately maintained against the Adamses for the injuries inflicted by them and also for such, if any, as resulted from the unskillfulness or negligence of appellee, and also against appellee for the alleged malpractice. That question is not in the case. The decisive question is whether the written release and settlement operated as a satisfaction of the cause of action herein alleged.

The law is equally well settled in this and perhaps all other jurisdictions that but one satisfaction for an injury received may be had: that is to say that, if a settlement and release is obtained from one who is liable for all of the suffered injuries and compensation made therefor, no action may be maintained against another, who may also have been liable for the whole or some part thereof. Middaugh v. D. M. Ice & Cold Storage Co., 184 Iowa 969; Crum v. McCollum, 211 Iowa 319; Miller v. Beck & Co., 108 Iowa 575; Lovejoy v. Murray, 3 Wallace (U. S.) 1; Snyder v. Mutual Tel. Co., 135 Iowa 215; Williams v. Dale (Ore.), 8 Pac. (2d Ed.) 578.

The foregoing rule has in many cases been applied in actions against a physician or surgeon who treated the injuries originally inflicted for malpractice. But one satisfaction may be demanded. Guth v. Vaughan, 231 Ill. App. 143; Martin v. Cunningham, 161

Pac. (Wash.) 355; Hooyman v. Reeve, 170 N. W. (Wis.) 282; Retelle v. Sullivan, 211 N. W. (Wis.) 756; Hartigan v. Dickson, 83 N. W. (Minn.) 1091; Keown v. Young, 283 Pac. (Kans.) 511; Edmondson v. Hancock, 151 S. E. (Ga.) 114; Smith v. Mann, 239 N. W. (Minn.) 223; Note, 50 A. L. R. 1106; Spelman v. Pirie, 233 Ill App. 6; Booth & Flinn v. Cook, 193 Pac. (Okla.) 36; Kirby Lbr. Co. v. Ellison, 270 S. W. (Tex.) 920; Vatalaro v. Thomas, 160 N. E. (Mass.) 269.

The release in this case is very sweeping, and includes acknowledgment of "full satisfaction and discharge of any and all cause or causes of action, costs, charges, claims and demands arising or growing out of said accident, held by the undersigned, James Phillips, guardian aforesaid of the said Viola Phillips, and the undersigned father and mother of the said Viola Phillips, and that this release covers and includes damages proximate and remote and all possible unknown injuries sustained by the said Viola Phillips and all present and future complications therefrom, now known or hereafter ascertained.

"It is understood that the payments aforesaid are in full payment and satisfaction and they are hereby acknowledged to be in full payment and satisfaction of all claims of the said James Phillips and Lillian Phillips, parents of the said Viola Phillips, on account of loss of services of the said Viola Phillips."

A substantial sum was paid by the Adamses to the appellant herein. It being assumed that the question is as stated in Staehlin v. Hochdoerfer, supra, one of intention of the parties, there can be no question as to what the intention of the parties was in this case. The receipt was clearly designed to release the original wrongdoers from all and every claim of every kind against them. This necessarily included the aggravation of the original injury by the alleged unskillful and negligent treatment thereof by appellee.

The demurrer was properly overruled, and, judgment dismissing the petition and for costs having been entered against appellant upon his election to stand upon the demurrer, it is final and conclusive.—Affirmed.

WAGNER, C. J., and EVANS, ALBERT, and KINDIG, JJ., concur.