WALLACE JOHNSON, by his next friend, AUSTIN JOHNSON, Appellant, v. NELS SELINDH et al., Appellees.

No. 43269.

MARCH 10, 1936.

Ray Dunley and L. S. Forrest, for appellant.

Hall & Mitchell, for appellee Selindh.

Howard L. Bump, Paul Walters, and P. D. Inhofe, for appellees Perowsky and Werblosky.

PARSONS, J.—It appears in this case that the defendant Nels Selindh was the operator of a garage in the city of Des Moines, doing repair work on automobiles in connection therewith. That on or about the 23d of October, 1933, between 6 and 7 o'clock in the evening, Selindh was engaged in towing an automobile along Des Moines street, in the city of Des Moines, the automobile being towed belonging to Mrs. Frank Perowsky; that said Selindh was called by a sister of Mrs. Perowsky, Sarah Werblosky, to take the automobile to his place of business for repairs. That Selindh and his son went in their Chevrolet coupe to get the Perowsky car, a Jewett sedan, and attached the Jewett car to their car by a chain towline, leaving the cars several feet apart. That defendant Nels Selindh was at the wheel of the Jewett car, behind, and his son, under his direction, was driving the front car. That as they proceeded east on Des Moines street, and were approaching Pennsylvania avenue, several children, including the plaintiff, a boy five years of age, were playing on the sidewalk. One of the children had snatched the cap of young Wallace Johnson and started running with it; the Johnson boy started in pursuit toward the automobiles, but the driver of the Selindh car saw the boy and hollered "Whoa" and stopped his car; the boy stopped, then suddenly dashed between the cars, and stumbled over the towline, and as he got up, the car being towed came up to the front car and caught the boy between the two cars and injured him—it does not appear how badly, but he cried out and was picked up, and later was removed to Broadlawns General Hospital, a public hospital in the city. There were a few bruises on his body, slight however, and upon his arrival at the hospital the physician and surgeon in charge examined Wallace.

This being the only connection of Mrs. Perowsky and Sarah Werblosky with the matter, they cannot be held liable for the reason that Selindh was, under the doctrine ruling in Page v. Koss Construction Co., 215 Iowa 1388, 245 N. W 208, an independent contractor. He was undertaking the removal of the Perowsky car to his garage to repair it. He used his own

methods in that work, and neither of the two women is responsible for what methods Selindh used. Further, it is a well-settled rule in most jurisdictions and the reasoning will apply here, that under the common-law rule the owner of a car is not liable for the act of negligence of a garage man in towing a car to his place of business while he has the car in his possession as such garage man. Freeman v. Southern Life & Health Ins. Co., 210 Ala. 459, 98 So. 461; Andrews v. Bloom, 181 Ark. 1061, 29 S. W. (2d) 284; Jones v. Bullard, 83 Cal. App. 179, 256 P. 555; Mattocks v. Emmerson Drug Co. (Mo. App.) 33 S. W. (2d) 142; Andres v. Cox, 223 Mo. App. 1139, 23 S. W. (2d) 1066; Siegrist Bakery Co. v. Smith, 162 Tenn. 253, 36 S. W. (2d) 80; Winerich Motors Sales Co. v. Ochoa (Tex. Civ. App.) 58 S. W. (2d) 193.

Section 5026 of the statutes says:

"In all cases where damage is done by any car driven by any person under fifteen years of age and in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

This statute is not applicable to this case, for, under its language, to make the owner liable, it must be driven by the consent of the owner. It was not so driven, under the record. The owner did not know that Selindh was driving the car, hence did not consent. Besides, as before stated, the defendant was an independent contractor, and, further, it appears to be the law that where a garage man takes possession of a car to drive it to his garage for repair only, his negligence while so taking it is not chargeable to the owner of the car.

At the close of all the evidence of the case, the defendants Perowsky and Werblosky moved for a directed verdict on several grounds. The Werblosky motion contained the ground that she was not the owner of the car, and that whatever consent she gave to Selindh to make repairs, was not as owner, and she is not, under the law, liable; and that Selindh was but an independent contractor, and hence she was not liable. Mrs Perowsky's motion contained the proposition that Selindh was in possession of her car and was taking same not with her consent or knowledge. These motions were rightfully sustained. For the reason that under the record there was shown no consent of the

owner, and that Selindh was in reality an independent contractor, these defendants were not liable. So the liability, if any, in this case is on Selindh in not seeing the children playing on the sidewalk, or, if he did see them, in not stopping the rear car immediately on the stopping of the front car, and especially after the word "Whoa" was spoken by the driver of the first car. If the child was so injured at that time, then the question arises, were the injuries such as to give rise to a cause of action?

█▌█ The child was of such tender age that there is almost a conclusive presumption of the law that he was incapable of being guilty of negligence. In Johnston v. Delano, 175 Iowa 498, 154 N. W. 1013, it was held that a child of the age of thirteen years was presumed not to be guilty of negligence, and as the age decreases, of course the presumption becomes stronger. The question of whether a child of seven years, bright and intelligent, is of sufficient age and intelligence to appreciate the danger when playing on a turntable, is one for the jury. Edgington v. B., C. R. & N. R. Co., 116 Iowa 410, 90 N. W. 95, 57 L. R. A. 561.

The boy says he started to go across the street. That he saw the first automobile in the street, but did not see the one behind. He saw the lights on the front car, but none on the rear car; that the lights were turned on the rear car after it hit him. He said the chain stopped him; that he stumbled over the chain; that he got up and the back car drove up and hit him; that his brother picked him up from between the cars. He said he got hurt when the back car pushed him; the front car ran into his stomach and the rear car hit his back; that it smashed into his stomach; that he did not cry because he could not; that it did not bleed.

The mother testified that she did not see the accident; that the boy had never been hurt before, and never had any injuries up to that time. That his back was bruised; the front part of his chest began to swell and it kept getting larger and larger; that his clothes were in an awful condition; he had a bowel movement during the accident; that his bruises were over the chest mainly and the ear. That the ambulance came in about five minutes and took him to the hospital, the father going with him. That the boy was in the hospital over two months.

Bearing in mind that the child was of such tender age that he was presumed not to be guilty of contributory negligence; that he did receive injuries at the time of the accident, as testi-

fied to by his mother; that the rear car was not stopped when the driver of the towing car made the exclamation "Whoa"; that the defendant Selindh did not stop his car; did not put on the brakes so the car would stop; and that the back car came up and struck the boy, it seems to us there arose a cause of action, and that the motion made by Selindh for an instructed verdict should have been overruled.

The question then, of course, would come up as to what would be the damages. The testimony in regard to the boy after he was taken to the hospital shows that he was examined; that the physicians could see no injuries to him; that they concluded to make an "exploratory" operation, and did perform such an operation, and the testimony shows without dispute that the injuries the boy now complains of come from the effects of that operation.

The only question left in the case then is whether or not the results of the operation by the physicians were such as the plaintiff could recover for in this action. Phillips v. Werndorff, 215 Iowa 521, 243 N. W. 525, which decides that a party who has been negligently injured and settles with and releases the original wrongdoer, may not thereafter maintain an action against a physician for malpractice for injuries which he has settled. That, of course, can be sustained under the rule that there can be but one settlement for one tort or wrong, and that the case showed there was a release from all damages arising from or growing out of the accident, and the case was decided strictly upon that. In Purchase v. Seelye, 231 Mass. 434, 121 N. E. 413, 8 A. L. R. 503, a surgeon performed an operation upon the wrong side of the plaintiff in the supposed treatment of injuries previously suffered, and for something having no connection with the original injury. The court held that as there was no causal connection between the operation alleged to have been unskillfully and negligently performed and the injury, a new, separate, and independent cause of action arose, and the original wrongdoer could not be held liable therefor.

Without in any manner undertaking to vary the rule laid down in Phillips v. Werndorff, 215 Iowa 521, 243 N. W. 525, i. e., that the original wrongdoer is liable for the aggravation of an injury resulting from the unskilled treatment of physicians and surgeons, if reasonable care was observed in employment, and in the cases in support thereof, Collins v City of

Council Bluffs, 32 Iowa 324, 7 Am. Rep. 200; Rice v. Des Moines, 40 Iowa 638, and other cases, there still remains in this case the question as to whether or not there is a showing of causal connection between the injury and the present condition of the boy, for the reason that it is shown that the operation made at the hospital was "exploratory", and made at once when the boy came into the hospital, and that whatever ills are now complained of, they are ills that grew out of that operation, and would not have happened but for the operation.

However, as the boy did receive some injuries at the time of the accident, they may have been slight or great, the evidence does not show, yet an injury received under these circumstances made a cause of action and would have sustained some damages, however slight, and we think there was evidence to take the case to the jury. So the court's instructions for a directed verdict for the defendant Selindh was error, but was correct in the case of Perowsky and Werblosky. [Doran v. Waterloo, C. F. & N. R. Co. (Iowa), 147 N. W. 1100, has been cited in connection with the last three cited cases. The opinion cited has been superseded by an opinion on rehearing which is reported in 170 Iowa 614, 153 N. W. 225.]

So the case is affirmed as to Perowsky and Werblosky, and reversed as to the defendant Selindh.

Affirmed in part; reversed in part.

DONEGAN, C. J., and ALBERT, MITCHELL, and KINTZINGER, JJ., concur.