[No. 35946. Department One. September 7, 1961.]

EDRA MARIE ADAMS, *Appellant*, v. ALLSTATE INSURANCE COMPANY *et al., Respondents.*\*

\*Reported in 364 P. (2d) 804.

*Vaughn E. Evans* and *Kennett, Evans & Stafford,* for appellant.

*Kahin, Carmody & Horswill* and *Rosling, Williams, Lanza & Kastner,* for respondents.

FOSTER, J.—Plaintiff appeals in a personal injury action from an order dropping four defendants. *Adams v. Allstate Ins. Co.,* 56 Wn. (2d) 834, 355 P. (2d) 838, decided only that the same order now here by appeal would not be reviewed by prohibition. We are met at the threshold with respondents' motion to dismiss on the ground that the order is not appealable.

Appellant made claim against the Tuckers for damage sustained in an automobile collision, which claim Tuckers turned over to the Allstate Insurance Company, their insurance carrier, which, for the purposes of acting upon the claim, employed the respondent physicians, William R. Pace, John N. Burkey, A. J. Benesh and Owen Martin, to examine appellant. The complaint alleged that the physicians, in the course of their examination, negligently and carelessly mishandled and mistreated the plaintiff, severely aggravating her prior injuries. Pursuant to Rule of Pleading, Practice and Procedure 21, RCW Vol. 0, both the defendant insurance company and the three physicians moved to be dropped because the plaintiff's claims against them do not arise out of the same transaction or occurrence, and because the plaintiff's claims do not have common questions of law or fact. The insurance company added an additional ground to its motion that there was no allegation of negligence against it. The order, omitting the formal parts, is as follows:

"ORDERED, ADJUDGED AND DECREED that the defendants Allstate Insurance Company, William R. Pace and wife, John N. Burkey and wife, A. J. Benesh and wife, and Owen Martin and wife, be and the same are hereby dropped as defendants in the above entitled cause on the condition that upon the plaintiff filing a new action against any or all of the defendants who are being dropped from this action by this order, the said action may be consolidated for trial with this action after timely motion should be made and

considered, so that the issue as to the damages caused by each of the defendants who are liable may be determined by the same fact-finding tribunal."

Before entry thereof, but after argument and the court's oral ruling, the appellant unsuccessfully sought prohibition (56 Wn. (2d) 834, 355 P. (2d) 838). Thereafter, but before the entry of such order, plaintiff asked leave to amend her complaint by alleging that the respondent, Allstate, was the agent of the Tuckers, that it employed the respondent physicians to examine plaintiff, that the combined negligence of all defendants produced the total resulting damage, and that she was in doubt as to the extent of the liability of each defendant and desired to avoid the peril of segregation.

 The order dropping the insurance carrier and the physicians completely terminated the action against them. Nothing remained to be done. As to them the case was ended. While the dismissal was without prejudice to another action, it was, so far as the present case is concerned, final and complete. The fact that the action continued against the Tuckers is not germane. The motion to dismiss is denied.

Respondents assert that the complaint alleges two separate causes of action. Our procedural rules will be searched in vain for any survival of that Hydra-headed phrase "cause of action." All that is now required under Rule of Pleading, Practice and Procedure 8 (a), RCW Vol. 0, is that a pleading contain a short and plain statement of the claim showing the pleader entitled to relief and a demand for judgment. *Nagler v. Admiral Corporation*, 248 F. (2d) 319; *Dioguardi v. Durning*, 139 F. (2d) 774; *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F. (2d) 187; *Conley v. Gibson*, 355 U. S. 41, 2 L. Ed. (2d) 80, 78, S. Ct. 99; United States Circuit Judge Charles E. Clark, Two Decades of the Federal Civil Rules, 58 Columbia L. Rev. 435.

This is in sharp contrast to the superseded requirement of RCW 4.32.040 that the complaint state the facts constituting a cause of action. Volumes were written and myriads

of cases decided without common agreement as to what constituted a cause of action.

The history of the joinder of claims and parties both under the Field code and the modern rules of civil procedure reveals a complete, not fragmentary, change. Code pleading cases are helpful only to show the completeness of the metamorphosis.

RCW 4.36.150, enacted by the first Territorial Legislature of 1854, Laws of 1854, p. 143, § 64, but now abrogated,[1] permitted the joinder of claims if all parties were similarly affected. Parties could only sue or defend with respect to joint claims or defenses. Under original Rule of Pleading, Practice and Procedure 2, 159 Wash. lvii,[2] the court adopted English Order No. 16, rule 1, 1 (1960) Annual Practice 301,[3] respecting the permissive joinder of plaintiffs. Such was

---

[1] "The plaintiff may unite several causes of action in the same complaint, when they all arise out of,—

"(1) Contract, express or implied; or

"(2) Injuries, with or without force, to the person; or

"(3) Injuries, with or without force, to property; or

"(4) Injuries, to character; or

"(5) Claims to recover real property, with or without damages for the withholding thereof; or

"(6) Claims to recover personal property, with or without damages for the withholding thereof; or

"(7) Claims against a trustee, by virtue of a contract or by operation of law.

"(8) The same transaction.

"But the causes of action so united must affect all the parties to the action, and not require different places of trial, and must be separately stated." RCW 4.36.150.

[2] "All persons may be joined in one action, as plaintiffs, in whom any right to relief in respect of, or arising out of, the same transaction or series of transactions, is alleged to exist, whether jointly, severally or in the alternative, where, if such persons brought separate actions, any common question of law or fact would arise: *Provided*, That if, upon the application of any party, it shall appear that such joinder would embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled." Rule of Pleading, Practice and Procedure 2, 159 Wash. lvii.

[3] "All persons may be joined in one action as plaintiffs, in whom any right to relief [in respect of or arising out of the same transaction

the condition of the statutes and the rules of pleading, practice and procedure when *Bank of California v. American Fruit Growers*, 4 Wn. (2d) 186, 103 P. (2d) 27, reached here in 1940. It was there held that an action on a note secured by a chattel mortgage, the foreclosure of which was sought, could not be joined with an action against other parties for the conversion of the mortgaged chattels because, as the court said, all of the parties were not affected by all of the causes of action.

For reasons never explained, the court failed to adopt the complementary portion of English Order No. 16, rules Nos. 4 and 5, 1 (1960) Annual Practice 327, 331,[4] respecting the permissive joinder of defendants.[5] In the recast of Rule

---

or series of transactions] is alleged to exist, whether jointly, severally, or in the alternative, [where if such persons brought separate actions any common question of law or fact would arise; provided that, if upon the application of any defendant it shall appear that such joinder may embarrass or delay the trial of the action, the Court or a Judge may order separate trials, or make such other order as may be expedient], and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for such relief as he or they may be entitled to without any amendment. But the defendant, though unsuccessful, shall be entitled to his costs occasioned by so joining any person who shall not be found entitled to relief unless the Court or a Judge in disposing of the costs shall otherwise direct." English Order No. 16, rule 1, 1 (1960) Annual Practice 301.

[4]"All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally, or in the alternative. And judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities, without any amendment." English Order No. 16, rule 4, 1 (1960) Annual Practice 327.

"It shall not be necessary that every defendant shall be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him; but the Court or a Judge may make such Order as may appear just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest." English Order No. 16, rule 5, 1 (1960) Annual Practice 331.

[5]"Under the common law which grew up in a nonindustrialized, noncommercial society under the stringent restrictions of the writ system, there was no such thing as mere permissive joinder of plaintiffs or defendants. Unless multiple parties were asserting or defending joint rights they were not permitted to join or be joined. Today, in a highly mechanized society where court dockets are crowded and time

of Pleading, Practice and Procedure 20(a), RCW Vol. 0, responsive to the suggestion of Dean Green, the second half of the English rule respecting permissive joinder of defendants was added so that with Rule of Pleading, Practice and Procedure 18(a), RCW Vol. 0, there is now free joinder of both parties and claims.

In 1925, the New York Court of Appeals decided *Ader v. Blau*, 241 N. Y. 7, 148 N. E. 771, 41 A. L. R. 1216, with Judge Cardozo alone dissenting. The principal defendant was sued because of a fatal negligent injury. The physician who treated the injured boy was joined as a defendant because of his alleged malpractice which contributed to the boy's death. The New York statute provided for the joinder in one action of multiple claims arising out of the same transaction or series of transactions, whether jointly, severally or in the alternative, where if such persons brought separate actions any common questions of law or fact would arise.

---

is at a premium, we feel that it is desirable to shorten litigation. Where several plaintiffs or several defendants, for that matter, are involved in a transaction which results in litigation and where there are common questions of law and fact which affect all of the parties, we feel it is socially desirable to dispose of the whole matter in one suit rather than in several, if that can be done without prejudice to the rights of the parties. Hence the modern tendency is toward a very liberal policy of permissive joinder of parties, plaintiffs, or defendants. To accomplish this result, England liberalized its procedure in 1896 by adopting a rule to the effect that all persons may be joined in one action as plaintiffs in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise. The rule contains a proviso that if such joinder would embarrass or delay the trial the court may order separate trials. The rule further provides a like permissive joinder of parties defendant where there are common questions of law or fact. Many American states followed the lead of England and revised their codes or adopted rules to accomplish the same result. When the Washington Supreme Court promulgated its first set of rules of practice and procedure in January of 1927, it purported to carry out this reform by Rule 2. Curiously, the Court copied the English rule verbatim as to permissive joinder of plaintiffs but did not adopt the corresponding portion of the rule regarding permissive joinder of defendants. I am unable to perceive any logical reason why it would be socially desirable to provide for the one and not the other." Green, Procedural Progress in Washington, 26 Wash. L. Rev. 87, 113.

Cardozo's view was that the two causes of action were not inconsistent and that each of the defendants contributed to a single casualty, which was the subject of the action— the death of the child to the parents' pecuniary damage. *Ader v. Blau, supra,* precipitated a veritable avalanche of criticism.[6]

Ten years later, the New York Judicial Council[7] recommended complete freedom of joinder of both claims and parties and declared that the matter was not a question of pleading but one of trial convenience only. However, judicial procedure in New York is not regulated by the judiciary but by the legislature.[8]

The Judicial Council's recommendation was adopted by

[6]Clark on Code Pleading (2d ed.), 127, 140, chapter 2, § 19, and 389, 390, chapter 6, § 61.

[7]"It is proposed (Senate Int. 1371 Pr. 1188) to repeal present C.P.A. section 258 and enact a new section 258 as follows:

" 'Joinder of causes of action. The plaintiff may unite in the same complaint two or more causes of action whether they are such as were formerly denominated legal or equitable, provided that upon the application of any party the court may in its discretion direct a severance of the action or separate trials whenever required in the interests of justice.'

"It was the intent of the revisers of the Code of Civil Procedure to pattern the laws relating to joinder upon the English system in which there is only reference to joinder of parties and no provisions as to joinder of causes. The Legislature adopted the recommendation as to joinder of parties but carried over into the Civil Practice Act as section 258 the old section of the Code relative to joinder of causes with slight modification.

"The Court of Appeals in Ader vs. Blau (1925) 241 N. Y. 7 held that section 258 limited the sections with respect to parties.

"Complete freedom should be allowed in the joinder of causes of action as in the joinder of parties, and it is submitted that the correct approach to the joinder both of parties and of causes of action is the English one: May the matters conveniently be tried together? The problem is to combine as many matters as possible to avoid multiplicity and at the same time not unduly complicate the litigation for the jury.

"This proposal has received approval from high sources. A safeguard is provided against abuses in that the court may sever causes of action or direct separate trials.

"The proposal is approved." N. Y. Judicial Council Rep. 44, (1935).

[8]The Judicial Council and the Rule-Making Power: a Dissent and a Protest, by Circuit Judge Charles E. Clark and Charles Alan Wright, 1 Syracuse L. Rev. 346.

statute, and *Tanbro Fabrics Corp. v. Beaunit Mills, Inc.,* 4 App. Div. (2d) 519, 167 N. Y. S. (2d) 387, judicially recognized the change. Three separate actions were consolidated. In the first, the seller, Beaunit, sued the buyer, Tanbro, for the purchase price of commodities sold and delivered. The buyer counterclaimed for breach of warranty. In the second action, the buyer sued the processor, Amity, to replevin a portion of the goods still in the processor's possession. The processor claimed a lien. In the third action, the buyer sued both the seller and the processor in the alternative because each claimed the other was at fault. The question arose on a motion for consolidation, but the New York test for consolidation and joinder of claims is identical. The court held that the actions should be consolidated because all involved common questions of law and fact. *Ader v. Blau, supra,* was completely repudiated.

The court's survey of the development of the law relating to joinder is comprehensive indeed. It summarized the report of the New York Judicial Council as follows:

" . . . In making the recommendation, the Judicial Council referred to the *Ader* case (*supra*) and the fact that the court had regarded the area of joinder of parties limited by the pleading restrictions of section 258. It added, 'Complete freedom should be allowed in the joinder of causes of action as in the joinder of parties, and it is submitted that the correct approach to the joinder both of parties and of causes of action is the English one: May the matters conveniently be tried together? The problem is to combine as many matters as possible to avoid multiplicity and at the same time not unduly complicate the litigation for the jury.' "

The court stated:

" . . . The Court of Appeals, in *Great Northern Tel. Co. v. Yokohama Specie Bank* (297 N. Y. 135) discussed the question frontally. It held that the *Ader* case (*supra*) was a result of the pleading limitation contained in the old, and now repealed, section 258. The court went on to point out that section 211, as it then was, permitting joinder of parties, was designed to adopt the English practice with regard to joinder in this State, and, accordingly, that the

greatest weight should be given to the cases under the English practice. . . .

" . . .

"The emphasis in the legislative and decisional history is that the joinder statute is to be accorded broad liberality and interpretation in order to avoid multiplicity of suits and inconsistencies in determination. Moreover, the philosophy of broad joinder of parties has been followed in many jurisdictions. (See 3 Moore on Federal Practice [2d ed.], par. 20.04, p. 2718* [*'By legislation in several states, notably California, Illinois, New Jersey, and New York, the English rules governing joinder were adopted into the codes. Since these adoptions, results similar to those in *Ader v. Blau* and *Olsen v. Banker's Trust Co.* [205 App. Div. 669] should no longer be reached, and the liberal English practice should be carried over with the realization that permissive joinder is no longer a matter to be governed by arbitrary classifications but should be determined by the conveniences of trial in each case.'].)" *Tanbro Fabrics Corp. v. Beaunit Mills, Inc., supra.*

The development in England was much the same. The English law is summarized in 1 (1960) Annual Practice 327, 328, as follows:

"Before the alteration of r. 1 in 1896 the House of Lords held in *Smurthwaite v. Hannay,* [1894] A.C. 494 (joinder of plaintiffs), and *Sadler v. G.W. Ry.,* [1896] A.C. 450 (joinder of defendants), that 0.16 related only to joinder of parties, and had no reference to joinder of causes of action. Accordingly in *Sadler v. G. W. Ry.* it was held that claims for damages against two or more defendants in respect of their several liability for separate torts could not be combined in one action. It was left an open question in that case whether and how far the rule there laid down applied to actions in which declarations of right or injunctions only were claimed.

"In 1896, r. 1, which deals with joinder of plaintiffs, was altered so as to enable the joinder of plaintiffs having several causes of action (see notes to r. 1). The effect of this alteration has been materially to enlarge the construction placed upon this Rule (4), though no corresponding alteration was made in it: for it can no longer be said that this Rule is an integral part of an Order dealing only with joinder of parties, not with joinder of causes of action.

"In a series of cases the C. A. has accepted the principle that the alteration in r. 1 has altered the construction to be placed upon r. 4, and that the latter Rule must be construed liberally, that is to say, according to the literal meaning of the words. If, therefore, a plaintiff or plaintiffs claims or claim to be entitled to relief in respect of or arising out of a set of circumstances involving a common question of law or fact, all persons may be joined as defendants against whom relief is claimed jointly, severally, or in the alternative, subject to the right of the Court to strike out a party under r. 5. The cases referred to are as follows:—

"(1) *Bullock v. L. G. O. Co.*, [1907] 1 K. B. 264, where the plaintiff claimed damages for personal injuries against two companies for their joint negligence or alternatively against each of them for its negligence."[9]

■ Our Rule of Pleading, Practice and Procedure 18(a), RCW Vol. 0, is as follows:

"The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20 and 22 are satisfied. There may be a like joinder of cross-claims or third-party claims if the requirements of Rules 13 and 14 respectively are satisfied."

The mandate of the Field Code (our former RCW 4.36-.150), that the causes of action united in a single complaint must affect all of the defendants in the same way, which formed the basis of our decision in *Bank of California v. American Fruit Growers, supra,* and the New York case of *Ader v. Blau, supra,* was completely eliminated by the following provision contained in Rule of Pleading, Practice and Procedure 20(a):

" . . . All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect

---

[9] For a more complete history, see Bullen & Leake's Precedents of Pleadings (11th ed.), 23, 26, § 5; 30 Halsbury's Laws of England (3rd ed.) 22, § 41, note 0; 30 Halsbury's Laws of England (3rd ed.) 314, 317-18, 389-90.

of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

The joinder of either claims or parties is not a pleading problem, but purely a matter of trial convenience.[10]

It is settled by *Smith v. Northern Pac. R. Co.,* 79 Wash. 448, 140 Pac. 685; *Martin v. Cunningham,* 93 Wash. 517, 161 Pac. 355; and *Yarrough v. Hines,* 112 Wash. 310, 192 Pac. 886, that the original tort-feasor is responsible for any exacerbation of the injuries by negligent treatment. *Martin v. Cunningham, supra,* further decided that a satisfaction of the claim against the original tort-feasor releases the physician from liability for subsequent negligent treatment. Such is the law generally.[11]

---

[10]". . . But I think it well to emphasize clearly from the outset what the philosophy of these rules is, for it is only by reference to their purpose and philosophy that the language of the rules can, in many cases, be meaningfully interpreted. The purpose . . . is to make 'one lawsuit grow where two grew before.' The philosophy is that joinder is not properly a pleading problem, but rather is one of trial convenience, which can be judged best only at the time of trial. Under our old practice, for example, if two persons were injured in an automobile accident by the negligence of some other driver, they were obliged to sue separately to get redress for their wounds. . . .
". . .
". . . The new rules, therefore, allow, for practical purposes, joinder of any claim or any party, and then leave it to the trial judge to order separate trials for particular claims or issues 'in furtherance of convenience or to avoid prejudice.'
". . .
". . . And thus it would seem to be good advice to the practicing lawyer to urge him to join all the demands which his client may have against defendant, lest they be determined to have been part of a single claim for relief. . . ." Wright, Joinder of Claims and Parties Under Modern Pleading Rules, 36 Minn. L. Rev. 580.

[11]"Numerous decisions hold that where one negligently injures another who exercises reasonable care in selecting a physician to treat the injury, and it is aggravated or increased by the physician's negligence, the original tortfeasor is liable for the results of the treatment.

It is true that under both common law pleading and the Field or code system of pleading, joinder of such claims (formerly denominated "causes of action") encountered insuperable barriers but the modern rules respecting both joinder of parties and joinder of claims were specifically designed to free litigants from these ancient shackles. The late Professor Edson R. Sunderland explained it:

"As to joinder of causes of actions, the new rules introduce what might be said to be a novel principle. They proceed upon the theory that no inconvenience can result from the joinder of any two or more matters in the pleadings, but only from trying two or more matters together which have little or nothing in common. They therefore permit the joinder of practically anything, and the court is allowed in its discretion to make an order for the separate trial of any matters which can be more conveniently tried that way. This, of course, eliminates a great field of discussion and argument over technical points respecting joinder. It is a curious thing that, after the difficult experience of the common law in regard to joinder, where it appeared that no court and no judge ever succeeded in stating a complete and satisfactory rule for joinder, the reformers in New York, in 1848, when they undertook to eliminate the undesirable features of the common law, felt it necessary to replace the technical restrictions of the common law respecting joinders, with other restrictions equally technical. The arbitrary system of joinder introduced into the New York Code and followed in the codes of other states has proved very difficult to apply and nobody knows, even

Phillips v. Werndorff, 215 Iowa 521, 522, 243 N.W. 525, and citations; Johnson v. Selindh, 221 Iowa 378, 382-383, 265 N.W. 622; Annotations, 8 A.L.R. 506, 39 A.L.R. 1268, 126 A.L.R. 912; 15 Am. Jur., Damages, section 85; 25 C.J.S. Damages § 20, p. 477. To like effect is Restatement, Torts, section 457.

" . . .

"And the rules just mentioned seem equally applicable to negligent treatment of an injury by nurses or other employees of a hospital in which the injured person is treated. See Feinstone v. Allison Hospital, 106 Fla. 302, 143 So. 251; Restatement, Torts, section 457, Comments c and d; 26 Am. Jur., Hospitals and Asylums, section 14; 15 Am. Jur., Damages, section 85, page 496. See also Lucas v. City of Juneau, D.C. Alaska, 127 F. Supp. 730, 732." *Bradshaw v. Iowa Methodist Hospital*, 251 Iowa 375, 101 N.W. (2d) 167.

See, also, *Ash v. Mortensen*, 24 Cal. (2d) 654, 150 P. (2d) 876.

at the present time, what can be joined and what cannot be joined under the code statutes.

"Federal Rule 18 eliminates all that trouble. Specifically, where the parties are the same, there is no restriction whatever. Where the parties are different, full freedom of joinder is permitted, subject to the rules as to the joinder of parties. That means where the parties are different any joinder is permitted in cases which arise out of the same transaction or occurrence, or series of transactions or occurrences, and involve a common question of law or fact. There should be some unity in the problems presented. If the claims arise out of the same transaction or occurrence, or series of transactions or occurrences, involving a common question of law and fact, the requisite unity is present. That rule is really nothing more than the equity rule relating to multifariousness.

"Under these new rules a number of joinders are permissible which in most states could not occur, such as claims for damages in the alternative against two independent tort-feasors; damages for injury to a house claimed by the owner and the occupier; damages claimed by many persons affected by the same libelous statement; *claims against a person causing a personal injury and a physician who afterwards negligently treats the patient*; a claim again A for judgment and to set aside A's fraudulent conveyance to B, this last joinder being expressly permitted under Rule 18." (Italics ours.) Sunderland, The New Federal Rules, 45 W. Va. L. Q. 5, 13.

The subsequent cases, both as to joinder of claims and of parties, substantiate Professor Sunderland's analysis. *Lucas v. Juneau*, 127 F. Supp. 730; *McNeil v. American Export Lines*, 166 F. Supp. 427; *Poster v. Central Gulf Steamship Corp.*, 25 Fed. Rules Dec. 18; *Sareussen v. Lowe*, 125 Cal. App. (2d) 288, 270 P. (2d) 27; *Lawler v. Gleason*, 130 Cal. App. (2d) 390, 279 P. (2d) 70.

■ There remains for consideration the refusal to grant the plaintiff permission to amend the complaint. Rule of Pleading, Practice and Procedure 15(a), RCW Vol. 0,[12]

---

[12]"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any

admonishes that leave to amend shall be freely given when justice so requires. It is difficult, indeed, to conceive of a situation where justice so demanded that such leave be granted.

Our rule is the exact counterpart of the provision in the Federal rules of civil procedure, the correct application of which was announced by the United States Court of Appeals in *Fuhrer v. Fuhrer*, 292 F. (2d) 140, as follows:

"Rule 15(a) of the Federal Rules of Civil Procedure relied upon by the trial court explicitly provides that leave of court to amend 'shall be freely given when justice so requires.' The Federal Rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings. *McHenry v. Ford Motor Co.*, 6 Cir., 269 F. 2d 18. Leave to amend should be freely given unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of his claim. *Kingwood Oil Co. v. Bell*, 7 Cir., 204 F. 2d 8, 13. In *Kingwood,* we stated, page 13, 'No matter how likely it may seem that a plaintiff may be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to prove it.' "

The court erred in refusing appellant leave to amend.

The cause is reversed for further proceedings consistent with the views herein expressed.

FINLEY, C. J., WEAVER, ROSELLINI, and HUNTER, JJ., concur.

---

time within 20 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Rule of Pleading, Practice and Procedure 15(a), RCW Vol. 0.