[No. 40970.    En Banc.    March 18, 1971.]

HOWARD T. MANION, as *Guardian, Appellant,* v. HUGH A. PARDEE *et al., Respondents.*

*Howard T. Manion* (of *Whitmore, Powers, Manion & Ishikawa*), for appellant.

FINLEY, J.—The instant appeal presents a unique factual pattern. Plaintiff-appellant, Bonita Pearson, was injured by a shotgun blast fired from the gun of the respondent,

Herbert Pardee. At the time of the injury both Bonita and Herbert were minors and unmarried. Some 19 months later they married and became husband and wife. Thereafter, while still married, Bonita, through her guardian ad litem, Howard T. Manion, commenced this lawsuit against her husband Herbert and his parents. The complaint alleged Herbert's negligence in handling the gun and alleged negligence on the part of Herbert's parents in their entrusting the gun to him. Thereafter, Herbert moved for, and was granted, an order of summary judgment dismissing him from the action upon the grounds of interspousal immunity. This appeal followed. Subsequently, and during the pendency of this appeal, Bonita and Herbert were divorced.

At first blush, the sum of these facts seems a reasonable facsimile of "the stuff from which law school examinations are made." But truth is often at least as strange as fiction, and the facts, although unusual, present a live justiciable issue. Before discussing this issue it is first necessary to examine the respondent's motion to dismiss the instant appeal. The contention is that the order appealed from herein is a mere interlocutory summary adjudication; and, therefore, it is not appealable as a final judgment under Civil Rule 54(b). That rule, in pertinent part, reads:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination in the judgment that there is no just reason for delay and upon an express direction for the entry of judgment.*

(Italics ours.)

In essence, the respondent asserts that the effect of the above-stated rule is to require an express certification of appealability by the trial court before an appeal will lie from determinations under that rule. In this regard, re-

spondent relies upon Rule on Appeal 14(1) which states, in part:[1]

> Appeal—When allowed. Any aggrieved party may appeal . . . :
>
> (1) From the *final judgment* entered in any action or proceeding.

(Italics ours.)

■ Civil Rule 54(b) is designed to prevent the waste inherent in piecemeal appeals. To this end, the rule provides for a finding by the trial court that no reason for delay exists before an appeal will lie. However, in light of the purpose behind the rule, even assuming, but not deciding, that an express certification of appealability is contemplated, the absence of such express certification should not prevent an appeal where the vice sought to be prevented— *i.e.,* delay— is not present.

This court has previously, although *sub silentio,* allowed appeal from a summary judgment dismissing less than all parties in a multiple party action, absent such express certification of appealability in the trial court's order. *See Ferrin v. Donnellefeld,* 74 Wn.2d 283, 444 P.2d 701 (1968). We believe such an approach has merit. The instant appeal cannot fairly be characterized as an action brought for purposes of delay. Indeed, as between appellant and respondent herein, there is no action left to delay. The trial court's order dismisses any right of the appellant to proceed against the respondent. The effect of that order was to produce a final, and thus appealable, judgment.

We now turn to the merits of this appeal. Appellant urges this court to abrogate the so-called doctrine of interspousal immunity. However, in light of the parties' subsequent divorce, that doctrine is no longer applicable to these proceedings. Comment or any possible reexamination of this doctrine by the court must await a proper factual setting.

---

[1]During the pendency of this appeal, our Rules on Appeal were revised in light of the creation of the Court of Appeals (RCW 2.06). The above-cited portion of ROA 14 is now embodied in Court of Appeals Rule on Appeal (CAROA) 14.

4

■ Thus, assuming the continued viability of the doctrine of interspousal immunity, the trial court's order dismissing respondent from the instant action was proper when entered. This court will, however, take cognizance of the parties' subsequent change in status. The appellant clearly had a potential cause of action against the respondent when the tort occurred. Appellant's subsequent marriage to the respondent resulted in her apparent personal disability to assert this cause of action. That disability is, in fact, now vitiated or removed by appellant's divorce and her action against respondent should be reinstated. Therefore, this cause should be remanded for further proceedings in light of the parties' change in status. It is so ordered.

HAMILTON, C.J., HUNTER, HALE, NEILL, McGOVERN, STAFFORD, and WRIGHT, JJ., concur.

ROSELLINI, J., concurs in the result.