[No. 42640.    En Banc.    August 2, 1973.]

F. C. SCHIFFMAN et al., Respondents, v. HANSON EXCAVATING COMPANY, INC., et al., Petitioners, THE CITY OF SEATTLE, Respondent.

*Comfort, Dolack, Hansler & Billett,* by *Robert A. Comfort,* for petitioners.

*LeSourd, Patten, Fleming & Hartung,* by *George M. Hartung, Jr.,* and *J. Stephen Werts,* for respondents Schiffman et al.

*A. L. Newbould, Corporation Counsel,* and *James B. Howe, Jr., Assistant,* for respondent Seattle.

ROSELLINI, J.—This court issued a writ of certiorari to review an order of the Court of Appeals, Division One, Panel 2, dismissing an appeal from judgments first entered November 12 and December 6, 1971, and "finalized"[1] August 29, 1972. While the Court of Appeals did not state its reasons for the dismissal, the parties are agreed that it proceeded upon the premise that the judgments were appealable when first entered, that the time for taking an appeal from them expired 30 days later, and that while a notice of appeal had in fact been given, the appeal had been dismissed for want of prosecution.

In this action subcontractors sued a contractor and the contractor sued the owner, the City of Seattle. The contractor's bondsman was also a defendant. The parties stipulated to a division of the litigation into two "phases," the first involving the dispute between the contractor and the subcontractors and the second involving the dispute between the contractor and the owner.

When the trial of the first phase was completed, the judge who heard the case entered two judgments, one against the contractor and its bondsman in favor of the subcontractors, and the other on the contractor's claims

---

[1] We need not comment on the trial court's use of the term "finalized" as it is not pertinent to our discussion.

over and for certain extras against the city. The judgments did not recite that there was no just reason for delay, nor was there an order entered certifying that there was no just reason for delay.

The contractor filed a notice of appeal but did not perfect the appeal. After the time for filing the statement of facts had passed, the subcontractor moved the Court of Appeals to dismiss the action for want of prosecution. The contractor at that time called the court's attention to Civil Rule for Superior Court 54(b), which provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination in the judgment, that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The contractor took the position that, since the judgments were not accompanied by the certification required by the rule, they were not appealable, and that the Court of Appeals had not acquired jurisdiction of the first phase of the litigation. The Court of Appeals issued an order that, unless the appellant's opening brief should be filed on or before July 31, 1972, the appeal would be dismissed.

On July 27, 1972, the contractor wrote to the court, stating that it was abandoning the appeal because it was premature under CR 54(b). On July 31 the appeal was dismissed.

In the meantime, the second phase of the litigation was concluded, and on August 29, 1972, judgment was entered disposing of the remaining issues between the contractor

and the owner. This judgment recited that the judgments of November 12 and December 6, 1971, were "ratified, confirmed and finalized." The contractor filed notice of appeal from this judgment and from the earlier judgments. Upon motion of the respondents, the appeal, insofar as it related to the first two judgments, was dismissed. We granted the contractor's application for a writ of certiorari.

The respondents contend at the outset that the Court of Appeals' first order of dismissal is res judicata and shows that the court had assumed jurisdiction. The order does not reflect the court's reasoning. For aught that it reveals on its face, the appeal was dismissed for want of jurisdiction. Had the contractor taken the procedural step which the respondents declare that it should have taken—that is, sought certiorari in this court to review the order—it would have been in the extraordinary position of asking this court to affirm an order dismissing its appeal. It would be anomalous to hold that by failing to seek review of that order, it relinquished its right to take an appeal from the final judgment entered in the action, even though the prior judgments were not appealable.

The question whether a court in a prior proceeding had jurisdiction of the subject matter is one which can be raised collaterally. *In re Wesley v. Schneckloth*, 55 Wn.2d 90, 346 P.2d 658 (1959); *Brown v. Brown*, 46 Wn.2d 370, 281 P.2d 850 (1955).

There can be no doubt that, when the respondents moved to dismiss the second appeal from the 1971 judgments, the question whether the court had acquired jurisdiction on the first appeal was put in issue.

Implicit in the dismissal of the second appeal is a holding that the court had acquired jurisdiction on the first notice of appeal. It is that holding which we are asked to review and we find that the question is properly before us.

Whether the court acquired jurisdiction upon the first attempted appeal depends upon the effect to be given to CR 54 (b). This rule was copied from the Federal Rules of Civil Procedure. Insofar as it pertains to multiple claims, it was

adopted by the federal courts in 1948. It was broadened to cover actions involving multiple parties in 1961. The reasons for its adoption, the interpretation which the federal courts have placed upon it, and the problems encountered in its application are discussed at some length in 10 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* §§ 2653-61 (1973). The authors discuss, in section 2653, the confusion which existed under the prior rule, which had permitted but did not require the district court to make a final determination of one or more of the claims in an action involving multiple claims when all the claims had not been fully adjudicated. One of the problems under the old rule was that it provided no guidance on what constituted a "final order" so that parties lacked any reliable means of determining whether a particular order of the court relating to less than all of the claims was appealable. The authors say, at pages 23-24:

The 1948 amendment of Rule 54(b) did much to obviate the difficulties experienced under the original rule. As a result of that revision, when more than one claim is presented, the court may direct the entry of a final judgment upon one or more but fewer than all the claims only "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Any order that does not contain both the required determination and direction, even though it adjudicates one or more of the claims, is subject to revision anytime before a judgment is entered adjudicating the remaining claims.

As stated by the Supreme Court, the obvious purpose of the amendment was

to reduce as far as possible the uncertainty and the hazard assumed by a litigant who either does or does not appeal from a judgment of the character we have here. It provides an opportunity for litigants to obtain from the District Court a clear statement of what that court is intending with reference to finality, and if such a direction is denied, the litigant can at least protect himself accordingly. [*Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 512, 94 L. Ed. 299, 70 S. Ct. 322 (1950).]

This also is reflected in the Advisory Committee Note,

which points out that the amendment re-establishes the ancient policy against piecemeal appeals with clarity and precision, with the addition of "a discretionary power to afford a remedy in the infrequent harsh case." As a result of the 1948 amendment there should be no difficulty in determining whether an order is appealable. Unless the court makes the express determination and direction required by the rule, a partial disposition of the action is not ripe for review.

(Footnotes omitted.)

In section 2654, the authors state that rule 54(b) is designed to facilitate the entry of judgments upon one or more but fewer than all the claims or as to one or more but fewer than all the parties in an action involving more than one claim or party. It is meant to strike a balance between the undesirability of more than one appeal in an action and the need for making review available in a multiple-claim or multiple-party action at a time that best serves the needs of all the litigants. If the claims are closely related and there is a risk of repetitive appeals, the lower court may decide that this is a reason to delay review and refuse to make the determination required by rule 54(b). The court is given discretion to enter a final judgment, and if it does decide to do so, the court must do so in a definite, unmistakable manner. Absent a certification under rule 54(b), any order in a multiple-party or multiple-claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory, according to the decisions of the federal courts.

The authors state further, at page 34:

The requirement in Rule 54(b) that the court make an express determination that there is no just reason for delaying the review of a judgment on fewer than all of the claims or involving fewer than all of the parties in an action *eliminates any doubt whether an immediate appeal may be sought.* Conversely, it is important for a party to determine whether an order is a "final decision" under Rule 54(b) since the time for appeal begins to run from the entry of an order that meets the requirements of the rule. A litigant who erroneously decides that an order was not final and waits until the disposition of the

entire case before seeking an appeal may lose his right to have that order reviewed. The guidance provided by Rule 54(b) also reduces the number of premature appeals.

(Footnotes omitted. Italics ours.)

In section 2655, the authors point out that the rule requires the trial judge to take two separate steps, one, to make an *express* determination that there is no reason to delay the review of the judgment, and two, to direct the entry of judgment. While he has discretion in making his determination, the appellate court has authority to review that determination for abuse of discretion. The appellate court also may determine whether the action actually involves multiple claims and thus whether rule 54(b) has any application, that is, whether entry of a judgment should have been directed.

Section 2656 discusses in general the subject of when a judgment under rule 54(b) can be entered; section 2657 deals with the question of what constitutes multiple claims under the rule; section 2658 discusses its applicability to other appeal procedures; and section 2659 reviews the factors that may be involved in the court's consideration of the question whether there is just reason for delay. These include (1) the relationship between the adjudicated and the unadjudicated claims, (2) whether questions which would be reviewed on appeal are still before the trial court for determination in the unadjudicated portion of the case, (3) whether it is likely that the need for review may be mooted by future developments in the trial court, (4) whether an immediate appeal will delay the trial of the unadjudicated matters without gaining any offsetting advantage in terms of the simplification and facilitation of that trial, and (5) the practical effects of allowing an immediate appeal.

In section 2660, the authors emphasize that an express "certification" of ripeness for review is "an essential prerequisite to an appeal." In the absence of rule 54(b) certification, they say, any order or other form of decision,

however designated by the court, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the actions as to any of the claims or parties under rule 54(b). Any order failing to qualify under the rule is subject to revision at any time prior to the entry of a final judgment adjudicating the entire action. Therefore, an appeal from a decision adjudicating a portion of the case must be dismissed. The authors cite authorities which have held that the appeal must be dismissed even though the parties do not object to the lack of a certificate, and observe that this approach is in keeping with the principle that the parties cannot confer jurisdiction upon an appellate court simply by failing to object to a jurisdictional defect.

They state that, while it is somewhat unclear what form the certification under rule 54(b) should take, both the court's direction and determination must be apparent, and there should be no doubt as to the district court's intention to certify. A strong policy in favor of *certainty* as to the lower court's intention to give its decision final judgment status underlies the rule's procedure. Accordingly, when either element is absent, even if only because of oversight or a failure to appreciate that the case is one that is within rule 54(b), an appeal should be dismissed with leave to seek another appeal should proper certification subsequently be granted by the lower court.

The authors express the opinion, however, that despite the soundness of this reasoning, if the requisite certificate has not issued solely because of inadvertence but one clearly is obtainable, it seems undesirable to dismiss the appeal and require the parties to secure literal compliance with rule 54(b).[2] Our case of *Manion v. Pardee,* 79 Wn.2d

---

[2] In voicing this opinion, the authors apparently lost sight, momentarily, of the rule that the parties cannot confer jurisdiction on the court, as this court did in *Manion v. Pardee,* 79 Wn.2d 1, 482 P.2d 767 (1971). If a judgment is not "final" unless it is accompanied by a certificate of appealability, it is not an appealable judgment, and filing a notice of appeal cannot give the appellate court jurisdiction.

1, 482 P.2d 767 (1971), was a case of this type, and we took jurisdiction. In that case, a defendant had been dismissed from an action upon summary judgment. Prior to the adoption of rule 54(b), it was the rule in this jurisdiction that an order of dismissal as to one or more but not all defendants was appealable. *Adams v. Allstate Ins. Co.,* 58 Wn.2d 659, 364 P.2d 804 (1961). We presumed, therefore, that the trial court would certify that there was no reason to delay the review and that dismissing the appeal and requiring the appellant to seek such certification would be an unnecessary act.

At the time of our decision in the *Manion* case, our attention was not called to the many problems which can occur if the appealability of a judgment as to fewer than all claims or fewer than all parties is not made manifest by a trial judge's certification that the judgment is ripe for review. The case before us amply demonstrates the confusion and uncertainty, as well as the loss of time and the expense that can result. Although we believe the decision was an equitable one under the circumstances of that case, the need for certainty regarding the time for taking an appeal dictates that we require, in the future, strict compliance with the rule.

We think the experience of the federal courts affords sound reason to declare that the requirements of the rule must be met—that the trial judge must expressly find that there is no just reason to delay the entry of judgment *and* must direct the entry of judgment—before a judgment entered as to fewer than all the parties or fewer than all the claims in an action involving multiple parties or multiple claims can form the basis of an appeal. These steps may be expressed in the judgment itself or in a separate certification.

To the extent that language which we used in *Manion v. Pardee, supra,* is inconsistent with this holding, it is hereby overruled.

While the parties appear to agree that CR 54(b) was not brought to the attention of the trial court, there is

an assertion in an affidavit filed in the Court of Appeals that the trial judge made an oral finding "to the effect" that "there was no just reason for delay." No reference is made therein to the statements of facts, and our perusal of that document reveals no language of the court which would justify this assertion. We are committed to the rule that anything which is said or done in the presence of the trial court cannot be shown by affidavit, but must be shown by certificate of the trial court. *Popoff v. Mott*, 14 Wn.2d 1, 126 P.2d 597 (1942). In any event, an oral certification of appealability does not satisfy the requirements of CR 54(b). There must be something in writing, certified by the judge who tried the case, which an appellate court can look at and determine immediately whether the appeal is timely. An oral statement of the court can be shown only by the statement of facts, which rarely if ever is prepared in time to accompany the notice of appeal to an appellate court. It is for this reason that a signed certification is needed.

Since the judgments entered in July and August 1971 were not final and reviewable judgments because of the lack of a certification that there was no reason to delay the entry of judgment, the contractor's attempt to appeal therefrom was premature. Consequently the judgment entered in August 1972, which confirmed the earlier judgments, was the only final judgment from which an appeal could be taken. It was error to dismiss the appeal insofar as it related to the earlier judgments.

The appeal is ordered reinstated and the cause is remanded to the Court of Appeals with directions that all parties proceed in accordance with the views expressed herein.

HALE,, C.J., FINLEY, HUNTER, HAMILTON, WRIGHT, and BRACHTENBACH, JJ., concur.

UTTER, J. (dissenting)—I dissent. The majority opinion does not consider the question of whether the dispute involving application of CR 54(b) is properly before this court and by so doing, overlooks the impact of *Reeploeg v.*

*Jensen,* 81 Wn.2d 541, 503 P.2d 99 (1972). In addition we are asked by the majority, in the interest of certainty, to (1) overrule *Manion v. Pardee,* 79 Wn.2d 1, 482 P.2d 767 (1971), (2) take a position contrary to that recommended by the authors relied upon by the majority, and (3) in effect, reward a litigant who, in fact, had notice he had to appeal and so did, but failed to comply with the orders of the Court of Appeals. In contrast, his opponent has at every stage complied with the respective orders of the court and has been compelled by petitioners' actions to incur attorney fees in four additional court appearances.

If we are concerned about certainty, we should enforce our rules relating to appeals. The Court of Appeals order, entered on June 30, 1972, directing petitioners to file their opening brief on or before July 31, 1972, or in the alternative, that the appeal would be dismissed, was a clear assumption of and ruling that it had jurisdiction. Petitioners' letter, indicating to the Court of Appeals that it was abandoning the appeal, was obviously not accepted by the court inasmuch as it took affirmative action dismissing the appeal some four days later. The remittitur certifies that "the Court of Appeals . . . considered and granted a motion to dismiss the appeal . . ." The remittitur is a final judgment and no request was made to recall it, nor were the necessary grounds present. When petitioners failed to either seek review of that order or request a recall of the remittitur, the right to question that dismissal expired. *Reeploeg v. Jensen, supra.*

The trial court judge, upon entry of the judgment, made an oral finding to the effect that there was no just reason for delay. It seems clear that the purpose behind CR 54(b) is to compel the trial judge to make it clear to the parties where final judgment is entered as to fewer than all of the claims or parties, that that judgment is final and may be instantly appealed. *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 512, 94 L. Ed. 299, 70 S. Ct. 322 (1950). The effect of the rule is to make it clear to a party adversely affected by a final decision, when the time for ap-

peal starts to run. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 100 L. Ed. 1297, 76 S. Ct. 895 (1956). The rule is essentially a notice rule and where notice has in fact been given it is senseless for a party who is not confused, and so indicates by the fact that he subsequently appeals, to now return and claim that his appeal was in fact invalid because he did not receive written notice. This position, as noted by the majority, is adopted in 10 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2660 which states, on page 88:

> [I]f the requisite certificate has not issued simply because of inadvertence but one clearly is obtainable, it seems undesirable to dismiss the appeal and require the parties to secure literal compliance with Rule 54(b) and then commence the appellate process anew.

The trial court judge's oral certification, although it should have been in writing, harmed no one, gave actual notice which was acted upon and was sufficient to comply with the spirit and intent of the rule.

If the petitioners believed that CR 54(b) required a written certification before it could be appealed, the deficiency should have been pointed out to the trial court prior to entry of the notice of appeal. By filing the notice of appeal, petitioners indicated a belief that the judgment against the bond was both final and appealable, a position inconsistent with their position at this time. *Manion v. Pardee, supra,* is consistent with this commonsense application of our rule and should not be overruled.

STAFFORD, J., concurs with UTTER, J.

Petition for rehearing denied October 2, 1973.