[No. 3078-1.   Division One.   January 26, 1976.]

SURREY DOWNS COMMUNITY CLUB, ET AL, *Appellants*, v. THE CITY OF BELLEVUE, *Respondent*.

*William R. Trippett* and *Richard Carrithers,* for appellants.

*Lee Kraft,* for respondent.

FARRIS, J.—The Surrey Downs Community Club brought this action to recover attorney's fees *and* other damages which it allegedly sustained in bringing another action (King County Cause No. 749530) against the City of Bellevue. The trial court ruled that as a matter of law Surrey Downs was not entitled to attorney's fees for the prior action and accordingly granted the City partial summary judgment. Surrey Downs appeals.

Although both parties request that we reach the merits, we must dismiss the appeal for noncompliance with CR 54(b):

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination in

the judgment, that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Supreme Court has ruled:

[T]he requirements of the rule must be met—that the trial judge must expressly find that there is no just reason to delay the entry of judgment *and* must direct the entry of judgment—before a judgment entered as to fewer than all the parties or fewer than all the claims in an action involving multiple parties or multiple claims can form the basis of an appeal. These steps may be expressed in the judgment itself or in a separate certification.

*Schiffman v. Hanson Excavating Co.*, 82 Wn.2d 681, 689, 513 P.2d 29 (1973). These mandatory requirements were not met here.

Dismissed.

JAMES and SWANSON, JJ., concur.