IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31720-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GILBERTO MACIAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Gilberto Macias appeals his first degree burglary, attempting to elude a pursuing police vehicle, possession of a stolen firearm, and second degree unlawful possession of a firearm convictions. He contends the trial court erred by admitting hearsay, and insufficient evidence supports his convictions. We affirm.

FACTS

Francisca VanderMeulen returned home from work to find a sports utility vehicle (SUV) backed in her driveway with all the doors open. She saw five men run out of her house carrying items from her home, get into the SUV, and take off. She followed the SUV while calling 911 on her cellular phone. She reported the vehicle's license plate number. She chased after the vehicle until police arrived and took over the pursuit.

Officer Kris Johnson was involved in the vehicle pursuit. She tried to block the SUV by stopping her patrol car in front of the vehicle but the driver drove around her. As the SUV approached, the officer made direct eye contact with the driver. She identified Mr. Macias as the driver. When asked about her certainty that it was Mr. Macias, Officer Johnson responded, "100% sure." Report of Proceedings (RP) at 292. Officers set up spike strips causing a tire blow out that forced the SUV to stop in a field. Officers observed significant movement in the vehicle as they approached. The officers found five men, including Mr. Macias and Christopher Alires, crammed into the back seat. Ms. VanderMeulen's items were located inside the vehicle.

Mr. Alires told officers Mr. Macias was the driver and had a firearm that had been thrown out the window. Officers searched the vehicle after obtaining a search warrant and found a brown holster in the front center console. A few feet away from the SUV, officers found a black .40 caliber Glock handgun model 22 on the street. The gun was identified as the same black .40 caliber Glock handgun model 22 with a brown holster stolen from John Verbrugge's home the night before.

The State charged Mr. Macias with first degree burglary with a firearm enhancement, attempting to elude with an endangerment enhancement, possession of a stolen firearm, and second degree unlawful possession of a firearm (because Mr. Macias was under 18 years old).

During trial, Mr. Alires became a hostile witness for the State. He begrudgingly testified he identified Mr. Macias as the driver when officers arrived, however, he denied

2

telling officers about a firearm being thrown from the window. Instead, Mr. Alires testified he did not remember what he said to officers. Later, Mr. Alires testified he remembered a firearm but could not remember what it looked like.

Deputy Ron Shepard and Sergeant Mike Russell both testified over defense objection; they related Mr. Alires had identified Mr. Macias as the driver and had reported a firearm had been thrown out the window at the location where the gun was discovered. The court allowed the testimony under ER 801(d)(1)(iii) "as an identification as involved in the robbery, driving and with the gun." RP at 227.

At trial, evidence showed Mr. Macias' shoe smelled like cat urine at the time of his arrest. Mr. Verbrugge testified his basement had a strong odor of cat urine because his cat often missed the litter box.

The jury found Mr. Macias guilty as charged. He appealed.

## ANALYSIS

### A. Hearsay Statements

The issue is whether the trial court erred by allowing two officers to testify as to Mr. Alires' statements after they stopped the SUV. Mr. Macias argues the officers' testimony regarding Mr. Alires reporting that Mr. Macias was the driver and had a gun was inadmissible hearsay because Mr. Alires refused to testify to the same during trial.

We review a trial court's hearsay ruling for an abuse of discretion. *State v. Strauss*, 119 Wn.2d 401, 417, 832 P.2d 78 (1992). Discretion is abused if it is exercised without tenable grounds or reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d

3

12, 26, 482 P.2d 775 (1971). "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). Unless an exception or exclusion applies, hearsay is inadmissible. ER 802. Under ER 801(d)(1)(iii), a statement is not hearsay if, "[t]he declarant testifies at the trial or hearing and is subject to cross examination concerning the statement and the statement is . . . (iii) one of identification of a person made after perceiving the person."

In *State v. Grover*, 55 Wn. App. 252, 259, 777 P.2d 22 (1989), Division One of this court held under ER 801(d)(1)(iii) an officer was permitted to testify that a witness had identified the defendant by name after witnessing a robbery. The court reasoned no violation of either ER 801(d)(1)(iii) or the confrontation clause existed so long as the defendant is provided the *opportunity* to cross-examine the declarant. *Grover*, 55 Wn. App. at 258. Memory loss or denial does not render the statement inadmissible. *See Grover*, 55 Wn. App. at 255 (holding admission of statement was proper even when the declarant testified she had no memory of the crime or of identifying the defendant).

Our case is analogous to *Grover*. Here, Mr. Alires made identification statements relating to who was driving after perceiving Mr. Macias on the night of the arrests. Mr. Alires testified for the State at Mr. Macias' trial, but was considered a hostile witness. He admitted identifying Mr. Macias as the driver. Because Mr. Macias had the "opportunity" to cross-examine the witness, the officers' testimony regarding the witness' prior statement was not hearsay. *Grover*, 55 Wn. App. at 258.

4

But, Mr. Alires' statement about Mr. Macias having a firearm and it being thrown from the window is not an "identification" statement as contemplated by ER 801(d)(1)(iii). This statement, therefore, does not qualify under the hearsay exception and it was error for the court to allow Deputy Shepard and Sergeant Russell to testify at trial about Mr. Alires' statement. Nevertheless, we see no respect in which any error by the trial court in considering inadmissible evidence could have changed the result. *See Brundridge v. Fluor Fed. Servs., Inc.*, 164 Wn.2d 432, 452, 191 P.3d 879 (2008) ("The error [of admitting improper hearsay] is harmless unless it was reasonably probable that it changed the outcome of the trial.").

## B. Evidence Sufficiency

The issue is whether sufficient evidence exists to support Mr. Macias' convictions. He argues insufficient evidence shows he (1) was driving the SUV to support the attempting to elude conviction, (2) possessed a firearm to support the possession convictions, or (3) participated in the burglary of Ms. VanderMeulen's home.

The review question presented for evidentiary sufficiency is whether there was evidence from which the trier of fact could find each element of the offense was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). We must consider the evidence in a light most favorable to the prosecution. *Green*, 94 Wn.2d at 221-22. "Deference must be given to the trier of fact who resolves conflicting

5

testimony and evaluates the credibility of witnesses and persuasiveness of material evidence." *State v. Carver*, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1989).

*Attempting to Elude.* In order for an individual to be found guilty of attempting to elude a pursuing police vehicle, the State must prove that he or she "willfully fail[ed] or refuse[d] to immediately bring his or her vehicle to a stop and [drove] his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop." RCW 46.61.024. Mr. Macias argues no evidence shows he was the driver of the vehicle. However, Mr. Alires testified he was the driver and Officer Johnson testified she was "100% sure" Mr. Macias was the driver. RP at 292. The testimony of two eye witnesses is more than sufficient for a rational trier of fact to find Mr. Macias was the driver. Sufficient evidence exists to support this conviction.

*Possession.* To support a charge of second degree unlawful possession of a firearm, the State must prove beyond a reasonable doubt the defendant was under 18 years of age and owns, has in his or her possession, or has in his or her control any firearm. RCW 9.41.040(2)(a)(iv). Similarly, a person commits possession of a stolen firearm when "he or she possesses, carries, delivers, sells, or is in control of a stolen firearm." RCW 9A.56.310(1). Here, a stolen gun was located near where Mr. Macias was stopped, there was testimony that the stolen gun came from a home with a strong cat urine smell, and Mr. Macias' shoes smelled like cat urine. Because "[c]ircumstantial evidence and direct evidence are equally reliable," a rational trier of fact could find Mr.

6

Macias possessed a firearm. *State v. Fiser*, 99 Wn. App. 714, 718, 995 P.2d 107 (2000). Sufficient evidence exists to support these convictions.

*First Degree Burglary.* A person is guilty of first degree burglary "if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building and if, in entering or while in the building or in immediate flight therefrom, the actor or another participant in the crime . . . is armed with a deadly weapon." RCW 9A.52.020(1). Here, Ms. VanderMeulen identified five men leaving her home with her personal items. They got into an SUV which she followed until police took over the pursuit. Five men were located inside the SUV with her items still inside. And, as discussed above, a gun was involved in the crime. This evidence is sufficient to persuade a rational trier of fact that beyond a reasonable doubt Mr. Macias committed first degree burglary.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Fearing, J.

7