IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MAPLE VIEW ACRES ROADWAY ASSOCIATION,<br><br>Respondent,<br><br>v.<br><br>VIT NOVAK and ZDENKA NOVAK,<br><br>Appellants. | No. 88029-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Vit and Zdenka Novak own a lot in a development managed by Maple View Acres Roadway Association. In 2022, Maple View Acres initiated a complaint foreclosing on 10 liens against Novak. Novak moved for a more definite statement of the amended complaint. The court denied Novak's motion and granted CR 11 sanctions against Novak. Novak appealed.

Because Novak's appeal is not an appeal from a "final judgment" within the meaning of RAP 2.2(a)(1), and did "not dispose of all the claims or counts as to all the parties," nor did the superior court make an express direction for entry of judgment supported by written findings, interlocutory review is not appropriate. We dismiss the appeal. RAP 2.2(d), CR 54(b).

FACTS

Maple View Acres Roadway Association is a neighborhood association that manages the Maple View Acres development in Skamania County. In 1991, the original owners of Maple View Acres recorded the covenants, conditions, and

restrictions, and bylaws (collectively, "CC&R") for the development. In 1993, Novak purchased a lot in the development. In 2021, Maple View Acres filed and recorded 10 liens against Novak, alleging violations of Maple View Acres' CC&Rs. In 2022, Maple View Acres initiated a complaint to foreclose on Novak's liens. In December 2023, Maple View Acres amended its complaint. Novak moved for a more definite statement. Novak asserted they could not distinguish which amendment of the CC&R was the basis of the suit. Maple View Acres responded to Novak's motion stating that the motion was merely a continuance of Novak's assertion of fraud and forgery and should be denied. Maple View Acres requested attorney fees based on Civil Rule (CR) 11, alleging that Novak's motion was not "well grounded in fact, not warranted by existing law, and [was] imposed for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Novak replied, asking the court to reject Maple View Acres' request for attorney's fees.

The superior court denied Novak's motion for a more definite statement and awarded judgment to Maple View Acres for $650. Novak then moved for discretionary review. Division II of this court denied review of the denial of the motion for a more definite statement, holding that Novak failed to show review of the denial was appropriate under RAP 2.3(b). However, the court commissioner determined that Novak's motion for discretionary review of the judgment granting CR 11 sanctions was warranted and converted it under RAP 5.1(c). The commissioner held that the order for sanctions against Novak appeared to be in

response to Maple View Acres' motion for CR 11 sanctions, and therefore, was appealable.

## ANALYSIS

Under RAP 2.2(a), a party may appeal a final judgment entered in any action or proceeding. A final judgment is "one that settles all the issues in a case." *In re Det. of Turay*, 139 Wn.2d 379, 392, 986 P.2d 790 (1999). If there is no final judgment, a party may ask for discretionary review of any act of the trial court that is not appealable as a matter of right. RAP 2.3(a). Discretionary review may be accepted under specific RAP 2.3(b) considerations. Circumstances warranting review include when the superior court has:

> (1) . . . committed an obvious error which would render further proceedings useless;
>
> (2) . . . committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;
>
> (3) . . . so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court; or
>
> (4) . . . certified, or . . . all the parties to the litigation have stipulated, that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation.

RAP 2.3(b). The court generally disfavors interlocutory appeals. *Hartley v. State*, 103 Wn.2d 768, 773, 698 P.2d 77 (1985). Any order that adjudicates fewer than all the claims does not terminate the actions as to any of the claims or parties. *Schiffman v. Hanson Excavating Co.*, Inc., 82 Wn.2d 681, 687-88, 513 P.2d 29 (1973). An order that adjudicates fewer than all the claims is "subject to

revision at any time prior to the entry of a final judgment adjudicating the entire action." *Schiffman*, 82 Wn.2d at 688.

Here, Novak appeals the order and judgment on the defendant's motion for a more definite statement, but the order was not a final judgment on the merits of the case. An entry of judgment for CR 11 sanctions does not meet the criteria for review under RAP 2.2(d). The judgment for CR 11 sanctions disposed of fewer than all of the claims, and the court did not make an express determination supported by findings that an appeal could be taken. Furthermore, the order does not fall into any of the circumstances for discretionary review under RAP 2.3(b). Novak did not argue that trial court committed an obvious error, that it altered the status quo, or that it departed from the accepted and usual course of judicial proceedings.

Because interlocutory review is not appropriate of this non-dispositive ruling, we dismiss this appeal.

_____

WE CONCUR:

_____         _____, ACJ

4